William **JARRETT**, et al.

v.

Gordon **FAULKNER**, et al.

**No. IP 85–1569–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

June 22, 1987.

---

Michael K. Sutherlin, Indianapolis, Ind., Norman R. Buls, Portage, Ind., for plaintiffs.

David L. Steiner, Asst. Atty. Gen., Indianapolis, Ind., for defendants.

ORDER

STECKLER, District Judge.

This matter is before the Court upon the defendants' motion to dismiss the com-

plaint for failure to state a claim. Fed.R. Civ.P. 12(b)(6). The Court, having considered the motion, the memorandums of law, and the complaint, now finds that the motion must be granted.

The plaintiffs in this case are three inmates of the Indiana State Prison. They filed their complaint pro se, and they seek to represent a class composed of all present and future inmates of the Indiana Department of Correction. The plaintiffs seek injunctive relief pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. The plaintiffs allege that:

> Department of Correction officials have recently confirmed that a Westville Correctional Facility inmate is suspected of having the deadly acquired immune deficiency syndrome. Despite the suspicion Department of Correction officials continue to transfer inmates to other institutions and still have not started an inmate screening program to see if other inmates have the deadly disease or are carriers of it.

The plaintiffs ask the Court to order the "screening of all inmates for the AIDS virus and the segregation of all homosexuals."

The Court now finds that the plaintiffs have failed to state a claim which would entitle them to this relief. "Traditionally, federal courts have adopted a broad hands-off attitude towards problems of prison administration." *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). The problems of the prisons are not readily susceptible to "resolution by decree." *Id.* *See also, O'Lone v. Estate of Shabazz*, — U.S. —, —, 107 S.Ct. 2400, 2404–05, 96 L.Ed.2d 282 (1987). While under some circumstances exposing inmates to a communicable disease may violate their constitutional rights, *see Lareau v. Manson*, 651 F.2d 96, 109 (2nd Cir.1981); *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir.1977), this complaint fails to show that the plaintiff class is so at risk of contracting AIDS that constitutional rights are implicated and injunctive relief is necessary. *Cf. Foy v. Owens*, No. 85–6909

(E.D.Pa. Mar 9, 1986) [Available on WEST-LAW, DCT database]. The problem of protecting prisoners from AIDS is best left to the legislature and prison administrators.

Accordingly, by reason of the foregoing, the Court hereby GRANTS the defendants' motion to dismiss.

IT IS SO ORDERED.