**Willie J. DAVIS, Plaintiff,**

v.

**Deputy STANLEY; Deputy Greene; Sheriff B. Walker; and, the Tuscaloosa County Sheriff's Department, Defendants.**

**Willie J. DAVIS, Plaintiff,**

v.

**Sheriff B. WALKER, Defendant.**

Nos. CV 87–G–1227–W, CV 87–G–1228–W.

United States District Court, N.D. Alabama, W.D.

Nov. 6, 1987.

Willie J. Davis, Springville, Ala., pro se.

Deputy Stanley, Deputy Greene, Sheriff B. Walker, Tuscaloosa County Sheriff's Dept., Tuscaloosa, Ala., for defendants.

## MEMORANDUM OPINION

GUIN, District Judge.

By order dated August 3, 1987, the magistrate consolidated the two above-styled causes inasmuch as the allegations raised in them arise out of a series of events taking place during the plaintiff's sojourn at the Tuscaloosa County Jail. Furthermore, on that same date, the magistrate filed a report and recommendation in the consolidated action, recommending that both cases be dismissed as frivolous within the meaning of 28 U.S.C. § 1915(d). The court having now conducted a careful, *de novo* review of all the pleadings and documents in the file, including the complaint, the Magistrate's Report and Recommendation, and the opposition to the report and recommendation, the court is of the opinion that, for the reasons stated hereinbelow, the complaint is due to be dismissed.

In the complaint that was initially filed as Case No. CV 87–G–1227–W, the plaintiff alleges that he was being transported from the St. Clair Correctional Facility to the Tuscaloosa County Jail by two deputies from the Tuscaloosa County Sheriff's Department. These deputies are defendants Stanley and Greene. Also in the automobile with the two defendants and the plaintiff was another state inmate who was also being transported to the Tuscaloosa County Jail. While in route to the jail, deputies Stanley and Greene undertook a high speed chase of another vehicle through the streets of Tuscaloosa. With speeds as high as 80 m.p.h. the chase ended successfully, with the deputies stopping the suspect vehicle without injury or accident. Plaintiff Davis alleges that he suffered fright and an aggravation of a pre-existing high blood pressure condition as a result of being in the deputies' patrol car during the chase. The complaint alleges that deputies Greene and Stanley were negligent in undertaking the high speed chase while having two state inmates in their vehicle. Following the Magistrate's Report and Recommendation, however, the plaintiff filed a "traverse" in which he argues that by undertaking the high speed chase, defendants Greene and Stanley were deliberately or callously indifferent to the plaintiff's health and well-being.

In the complaint initially filed in Case No. CV 87–G–1228–W, the plaintiff alleges that defendant Sheriff Beasor Walker of Tuscaloosa County negligently placed the plaintiff in a cell with another inmate who was later diagnosed as having the disease known as Acquired Immune Deficiency Syndrome (AIDS). The complaint alleges that the defendant was negligent by not requiring all in-coming inmates to undergo physical examinations and tests before being placed in the jail population. Plaintiff alleges that had such physical examinations and tests been conducted, the defendant would have known that his cellmate was suffering from AIDS and, therefore,

plaintiff would not have been housed in the same cell with him. Again, in the plaintiff's traverse to the Magistrate's Report and Recommendation, he argues that the defendant was deliberately or callously indifferent to his well-being by not attempting to determine whether any of the inmates of the Tuscaloosa County Jail carried the AIDS virus. The plaintiff alleges that he was housed in the same cell with this inmate for a period of about 30 days before it was discovered that the inmate was infected with AIDS. During that time, the plaintiff shared a coffee cup and cigarettes with his infected cellmate. It is pertinent to note that in the plaintiff's complaint he alleged that, upon his transfer back to the St. Clair Correctional Facility, he requested and was tested to determine whether he had been exposed to the AIDS virus. He alleged at that time, however, that he had not received the test results. One month later, when the plaintiff filed his traverse on August 18, 1987, he did not allege that he had contracted AIDS from his experience at the Tuscaloosa County Jail.

At the outset, the court is mindful of the admonition that the *pro se* complaints of prisoner litigants should be read liberally and not held to the same standards of pleadings required of lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Additionally, a *pro se* complaint should not be dismissed as frivolous under 28 U.S.C. § 1915(d) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Pace v. Evans*, 709 F.2d 1428 (11th Cir.1983). That standard, however, was apparently modified recently in *Harris v. Menendez*, 817 F.2d 737 (11th Cir.1987), where the Eleventh Circuit Court of Appeals held that the test is whether the court is convinced that the plaintiff has no realistic chance of success. Under either standard, as well as under the standard mandated by Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, this consolidated action is due to be dismissed.

To the extent that the plaintiff founded both of his theories of relief on the basis of negligent conduct by the defendants, the complaints fail to state a legally sufficient ground for imposing liability under 42 U.S.C. § 1983. In *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), and *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986), the Supreme Court made clear that § 1983 liability may not be predicated merely upon a "lack of due care." Thus, as originally pled, the plaintiff's allegations that the defendants negligently involved him in a high speed chase and negligently failed to test inmates in the Tuscaloosa County Jail for exposure to AIDS, the plaintiff's complaint is insufficient to state a cause of action under § 1983. Dismissal of the complaint would be proper under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

Even if the court viewed the plaintiff's traverse to be in the nature of an amendment to the complaint to allege callously or deliberately indifferent conduct by the defendants, the facts set out by the plaintiff himself fails to support the allegation. High speed chases are a fact of life in law enforcement. The fact that the plaintiff and another state inmate had the misfortune of being in a sheriff's patrol car at the time that such a chase was required does not show that the deputies involved were deliberately or callously indifferent to the health and well-being of the plaintiff. Indeed, as pointed out by the magistrate, the deputies could have been no more indifferent to the well-being of the plaintiff than they were to their own well-being. Whatever risks the plaintiff faced by being involved in the high speed chase were equally faced by the deputies themselves. The facts pled by the plaintiff indicates that the chase was legitimate and a necessary part of the deputies' law enforcement function. The facts do not indicate that this high speed chase was some sham or other illegitimate attempt by the defendants to frighten or harm the plaintiff. In order to state a claim under the Eighth Amendment for cruel and unusual punish-

ment, the plaintiff must set forth such facts as indicate a deliberate or callous indifference to his welfare, *see Estelle v. Gamble, supra,* or that the defendants unnecessarily and wantonly inflicted pain upon the plaintiff. *See Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The facts as pled by the plaintiff, taking them as true, simply fail to show this level of culpable conduct by defendants Greene and Stanley.

With respect to the liability of Sheriff Walker in connection with the high speed chase, there is an insufficient factual basis. The plaintiff alleges no direct participation or knowledge on the part of Sheriff Walker in the chase, and it is now well-settled that the sheriff may not be held liable vicariously or on the basis of respondeat superior. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985) *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986). Additionally, the defendant identified as "the Tuscaloosa County Sheriff's Department" is plainly not a suable entity.

Named as the only defendant in the action originally filed in Case No. CV 87–G–1228–W was Sheriff Beasor Walker. There, the plaintiff alleged that the sheriff negligently failed to require physical examinations and screening of inmates coming into the Tuscaloosa County Jail so that prisoners suffering from AIDS could be identified and isolated from other inmates. As a result of this negligent failure by the sheriff, the plaintiff alleges that he was housed in a cell with an inmate who was later discovered to have been exposed to the AIDS virus. The plaintiff's own complaint, therefore, alleges that the sheriff was unaware that the plaintiff's cellmate had AIDS. Again, to the extent that the complaint alleges only negligent conduct, § 1983 cannot serve as a remedial basis for liability. *See Davidson v. Cannon, supra,* and *Daniels v. Williams, supra.* Likewise, if one assumes the plaintiff's traverse to be an amendment to the complaint to allege that defendant Walker failed to screen incoming inmates because of his callous or deliberate indifference to the health and well-being of the inmates in his charge, the complaint still fails to state a cause of action. Federal courts have traditionally granted deference to the wide-ranging discretion invested in prison authorities in relation to the difficult task of operating a penal institution. *See Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). Consistent with this deference, the Sheriff of Tuscaloosa County is in the best position to evaluate the need to test and screen incoming inmates for the presence of AIDS. While there are cases to indicate that the exposure of inmates to a communicable disease violates their constitutional rights, *see Lareau v. Manson,* 651 F.2d 96 (2d Cir.1981); *Smith v. Sullivan,* 553 F.2d 373 (5th Cir.1977), the facts pled by the plaintiff in this complaint affirmatively reveal that the defendant was unaware that the plaintiff's cellmate was suffering from AIDS.

The plaintiff would require the defendant to conduct an AIDS blood test for each incoming inmate at the Tuscaloosa County Jail. Such a procedure has not been found necessary in other cases addressing the serious problem of AIDS in a prison population. In *Jarrett v. Faulkner,* 662 F.Supp. 928 (S.D.Ind.1987), the court found that the risk of contracting AIDS from an inmate in the general prison population was not so great as to implicate constitutional rights. It is now well-known that AIDS is most typically transmitted from one person to another by way of sexual contact, blood transfusions, or the shared use of intravenous drug needles or tatooing needles. All of these activities are typically prohibited in any jail or prison. To the extent that an inmate follows these rules, the risk of contracting AIDS from another inmate is minimal. It would not be unreasonable, therefore, for the defendant to

eschew the expensive process of screening and testing each incoming inmate in favor of stringent enforcement of rules against homosexual activities and intravenous drug use in the jail.

█ In sum, the plaintiff's complaint fails to state facts, which when taken as true, are sufficient to show that the defendant was deliberately or callously indifferent to the plaintiff's health and well-being in violation of the Eighth Amendment. Thus, not only does the complaint fail to state an action for which relief can be granted, the court also finds that it is frivolous within the meaning of 28 U.S.C. § 1915(d) and *Harris v. Menendez, supra.* Thus, not only does the court believe that the complaint is due to be dismissed under Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* but it is also due to be dismissed as frivolous.

Because the court finds both claims and theories asserted by the plaintiff to be insufficient to state a cause of action for which relief can be granted under 42 U.S.C. § 1983 and because they are frivolous, the court is of the opinion that both complaints in the consolidated action are due to be dismissed. An appropriate order will be entered.