**WILLIAMS, Appellant,**

v.

**VETERANS OF FOREIGN WARS, BROOKVILLE MEMORIAL POST NO. 3228, INC., et al., Appellees.**

[Cite as *Williams v. Veterans of Foreign Wars, Brookville Mem. Post No. 3228, Inc.* (1994), 99 Ohio App.3d 213.]

Court of Appeals of Ohio,
Montgomery County.

No. 14520.

Decided Dec. 16, 1994.

*Carmine Garofalo,* for appellant.

*Cynthia M. Heck* and *David J. Balzano,* for appellee Veterans of Foreign War.

*Paul B. Roderer,* for appellees Mark and Tonya Browning.

*Andrew Storer,* for appellees Robert and Margaret Streck.

*Steven Findley,* for appellee Richard Baker.

---

FAIN, Judge.

Plaintiff-appellant Todd Williams appeals from a summary judgment rendered in favor of defendants-appellees Veterans of Foreign Wars, Brookville Memorial Post No. 3288, Inc. ("VFW"), Mark and Tonya Browning, and Richard Baker.

We conclude that there are genuine issues of material fact regarding Tonya Browning's and Baker's alleged liability for furnishing alcoholic beverages to Dale Godsey, an underage person, at a wedding reception because both Mrs. Browning and Baker knew Godsey was underage and at the reception where beer was left unattended for guests to help themselves, Mrs. Browning having testified in a deposition that Godsey was not initially invited, but that he was "welcome" at the reception.

A related question of fact is whether Baker was a social host with a duty to supervise or provide supervision for the beer once he knew Godsey was at the reception, a duty possibly created by virtue of Baker's status as renter of the VFW hall with notice of the written rules and terms of the rental agreement that he entered into for the benefit of the Brownings.

We also conclude that no genuine issue of material fact remains with respect to the alleged liabilities of Mark Browning and the VFW. Because neither Mr. Browning nor the VFW knew that Godsey, an underage person, was at the reception, neither party could be deemed to have implicitly authorized Godsey's consumption of alcohol, and neither party had a legal duty to supervise the unattended beer because Godsey, an uninvited guest, was never authorized by Mr. Browning to drink alcohol, and because the VFW was not a social host, having sold the beer to the Brownings and having rented the hall to Baker.

## I

Godsey was eighteen years old when he and Williams, also eighteen years old, attended the wedding reception held at VFW Post No. 3288 for the Brownings, who had requested Baker, a VFW member, to use his membership to obtain the premises for the wedding party's use.

Baker went to the VFW and met with William Moore, the VFW's assistant canteen manager, about renting the party room. Moore filled out an application for Baker. The application contained information regarding the VFW's terms, fees, and rules for rental. Baker declined to rent a VFW bartender for $6, but it is unclear whether the bartender would have tended the beer in the party room rented by the Brownings.

Although Baker did not sign the application, Baker agreed to rent the party room, paid Moore the rental fee and deposit, and stated in his deposition that he had seen the document containing the VFW's terms, fees, and rules. The Brownings reimbursed Baker for the rental costs, and in addition the Brownings paid the VFW directly for the beer, although Baker may have ordered the beer, since the VFW required any alcohol to be served on VFW premises to be alcohol obtained by the VFW and sold only to members.

Williams was invited to the reception along with his parents. Godsey was not invited.

Tonya indicated in her deposition that she knew Godsey was at the reception, was under twenty-one years of age, and was "welcome." Baker also admitted during his deposition that he knew Godsey was underage and present at the reception. Baker also testified that he saw Godsey holding a cup, but that Baker did not know what Godsey was drinking.

The beer at the reception was on tap and the keg was placed in the VFW's electronic cooling machine in the rented party room where the reception was held. Employees of the VFW were stationed at a bar and canteen in separate rooms of the VFW hall in order to provide members-only access to alcohol and food. This access was apparently unrelated to the Brownings' reception in the party room. No employee of the VFW was stationed in the party room for any purpose, although the keg of beer was placed in the cooling machine by a VFW employee, and any changing of kegs would presumably have been accomplished by a VFW employee. No one attended the keg, and beer was available on a self-serve basis throughout the evening.

After leaving the reception, Godsey was involved in a one-car accident. Williams, Godsey's passenger, was seriously injured in the accident. Williams brought this action against the VFW, the Brownings, Baker and other parties not involved in this appeal, alleging that his injuries were proximately caused by the defendants' having furnished beer to Godsey, an underage person, in violation of R.C. 4301.69(A).

The trial court rendered summary judgment in favor of VFW, Baker, and the Brownings based on the trial court's finding that R.C. 4301.69 required "actual knowledge," and that Williams failed to carry his burden of showing that any of the defendants had actual knowledge that Godsey, a minor, was drinking beer.

The trial court also found that Williams did not produce any evidence to show that Baker "did some positive act that would constitute furnishing alcohol to Godsey." Regarding Baker, the trial court stated that "the acts alleged by plaintiff are far too attenuated to support liability under the statute."

The trial court also found that if the VFW was a seller of alcohol it had not violated the statute because it sold beer to the Brownings or to Baker, who were all adults, and if the VFW was a social host it had not violated the statute because the VFW turned over the beer and its supervision to other adult parties, and that neither the VFW nor its employees had actual knowledge of the consumption by, or intoxication of, minors resulting from the beer sold or furnished at the VFW Post.

From the judgment of the trial court, Williams appeals.

## II

Williams' assignments of error are closely related and will be considered together.

Williams' first assignment of error is as follows:

"The trial court, in granting defendants-appellees' motions for summary judgment, erred in finding that under R.C. 4301.69(A), which prohibits furnishing alcohol to minors, the furnishers must have actual knowledge of intoxication or consumption to be liable for injuries caused by their furnishing alcohol."

Williams' second assignment of error is as follows:

"The trial court, in granting defendants-appellees' motions for summary judgment, erred in finding that under R.C. 4301.69(A) which prohibits furnishing alcohol to minors, the furnisher must directly sell or give the alcohol to the minor to be liable for injuries caused by their furnishing alcohol."

Each defendant is entitled to summary judgment only if the defendant can establish, through evidentiary material permitted by Civ.R. 56(C), that there is no genuine issue of material fact, that the defendant is entitled to judgment as a matter of law, and that it appears from the evidence before the trial court that reasonable minds could come to but one conclusion and that conclusion is adverse to Williams, the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

■ The standard of review in this court is *de novo*, since the propriety of summary judgment is a question of law. We must determine whether each moving party has sustained its burden by establishing that there is no genuine issue of material fact. *AAAA Enterprises, Inc. v. River Place Community Urban Redev. Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

■ In Ohio, a social host can be held liable for injuries to a third person caused by the negligence of a minor to whom the social host furnished alcohol. R.C. 4301.69 creates a duty for social hosts to refrain from furnishing alcohol to a person under the legal drinking age. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114, 526 N.E.2d 798, 800–801. Violation of that duty is negligence *per se*. *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 361, 533 N.E.2d 732, 734–735.

R.C. 4301.69(A) provides, in pertinent part, that " * * * no person shall sell beer or other intoxicating liquor * * * for, * * * or furnish it to an underage person * * * unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian."

R.C. 4301.69(A) states a strict liability offense. *State v. Spicer* (Mar. 30, 1994), Greene App. No. 93CA55, unreported, 1994 WL 102097.

■ Here, in order to prevail on their motions for summary judgment, the VFW, Baker, and the Brownings each must show that there is no genuine issue of material fact. We conclude that, as a matter of law, one who consumes beer without the express or implied permission of either the owner, or the social host providing the beer to guests, has not been furnished the beer within the contemplation of R.C. 4301.69(A), unless the circumstances are such that the owner or social host would be bound to recognize that the beer was likely to be consumed by the underage person. None of the appellees can be deemed to have furnished beer to Godsey within the meaning of R.C. 4301.69(A) without having expressly or implicitly authorized Godsey's consumption of the beer.

■ We conclude that there is a genuine issue of material fact whether Baker or Tonya Browning, or both of them, furnished Godsey with alcohol. The evidence shows that both Baker and Mrs. Browning knew that Godsey was underage and at the reception. Tonya Browning admitted in her deposition that she knew Godsey, that she knew he was underage, that she saw him at the reception, and that he was "welcome," even though he was not an invited guest. Baker testified in his deposition as follows, in pertinent part:

"Q. Did you know Dale Godsey or Todd Williams?

"A. Yes.

"Q. Did you see them at the reception?

"A. Yes.

"Q. Did you know they were less than twenty-one years of age?

"A. Yes.

"Q. * * * Did you ever see them drink at the reception?

"A. No.

"Q. Did you ever see them with a cup in their hand at the reception?

"A. Yes."

In our view, this evidence creates a genuine issue of material fact whether Baker's or Mrs. Browning's actual knowledge of Godsey's presence and age, without restricting his access to the keg of beer set up for general, self-service consumption at the wedding reception, amounted to an implicit authorization for Godsey's underage drinking. Although Baker was a guest at the reception, Baker was the renter/applicant of the hall and was shown to have been on notice that the VFW expected Baker to monitor the guests at the reception for compliance with VFW rules.

The record shows that Baker had seen a VFW rental agreement, filled out for him by the assistant canteen manager, Moore, which provided, in pertinent part, as follows:

"TERMS AND FEES:

" * * *

"4. IF THE RENTER (APPLICANT) USES A VFW BARTENDER THE COST WILL BE $6.00 PER HOUR.

"RULES:

" * * *

"5. RENTER IS RESPONSIBLE FOR ALL DAMAGES TO THE FACILITY.

" * * *

"8. A REGISTRATION BOOK WILL BE AT ALL FUNCTIONS. RENTER WILL BE RESPONSIBLE TO MAKE SURE ALL GUESTS ARE REGISTERED IN THE BOOK.

"9. ABSOLUTELY NO ALCOHOLIC BEVERAGES MAY BE CARRIED (IN OR OUT) OF THE BUILDING!

"10. DRINKS MUST BE CONSUMED IN THE PARTY ROOM."

Although there was testimony indicating that the VFW rules were posted in writing at the VFW hall, a question of material fact remains as to whether Baker was a social host with a duty to supervise the beer at the reception.

We conclude that there are genuine issues of material fact with respect to whether Baker, Tonya Browning, or both of them furnished beer to Godsey, an underage person, within the contemplation of the statute. Accordingly, the trial court erred in rendering summary judgment in favor of Baker and Tonya Browning.

■ Mark Browning testified that he did not know Godsey was at the reception, so that he cannot be deemed to have furnished beer to Godsey. Although Mr. Browning was a social host—he and Mrs. Browning paid the VFW for the beer after the reception was held—Williams has not produced any evidence in rebuttal to show how Mr. Browning could be deemed to have furnished beer to Godsey, of whose presence at the reception he was unaware.[1] When the evidence is construed most strongly in favor of Williams, we find that there is no genuine issue of material fact regarding Mr. Browning's potential

---

1. Baker and the Brownings agreed beforehand that the Brownings would reimburse Baker in full for the $25 deposit and the $50 rental fee.

liability for the injury to Williams. Accordingly, summary judgment was properly rendered in Mr. Browning's favor.

■ Finally, there is no evidence showing that the VFW was a social host or that the VFW had any knowledge of Godsey's age or presence at the reception. Williams has not produced any evidence to show that the VFW authorized Godsey's access to beer. Under the facts before us, the VFW could not have "furnished" beer to Godsey within the contemplation of R.C. 4301.69(A). Construing the evidence most strongly in Williams' favor, we find that there is no genuine issue of material fact regarding the VFW's potential liability for the injury to Williams. Accordingly, summary judgment was properly rendered in favor of the VFW.

### III

Williams' first and second assignments of error having been sustained with respect to Baker's and Mrs. Browning's potential liabilities, and having been overruled with respect to Mr. Browning's and the VFW's potential liability, the judgment of the trial court is *reversed* in part, and *affirmed* in part. This cause is *remanded* for further proceedings, consistent with this opinion, with respect to the alleged liabilities of Baker and Mrs. Browning.

*Judgment accordingly.*