M. Wayne Forsyth, appellant pro se, appeals from a judgment of the Clark County Court of Common Pleas granting summary judgment in favor of all of the defendants in Forsyth's civil suit. Forsyth's property had been foreclosed upon and sold in a sheriff's auction under a court order arising from his failure to pay a judgment. Forsyth then filed suit against the court, the sheriff's department, the auctioneers, the purchaser of the property, and the judgment creditor, Forsyth's former common-law wife. Forsyth now attacks the propriety of the summary judgment decision and, in addition, claims assorted constitutional violations resulting therefrom. We conclude, however, that summary judgment was properly granted based on res judicata, the immunity of certain defendants, and Forsyth's failure to otherwise state a valid claim. Accordingly, we affirm the judgment below.
 I.
Mr. Forsyth is no stranger to this court. He has appealed to our court at least seven times in connection with the divorce action related to the instant case and in actions upon that judgment. Four of those appeals were dismissed. Forsyth v.Forsyth (Aug. 27, 1998), Montgomery App. No. 17239, unreported;Forsyth v. Forsyth (June 12, 1998), Clark App. No. 97CA71, unreported; Forsyth v. Forsyth (Apr. 27, 1998), Clark App. No. 97CA13, unreported; Forsyth v. Forsyth (Aug. 10, 1994), Montgomery App. No. 14327, unreported. Three resulted in an opinion and a judgment. Hall v. Forsyth (June 26, 1998), Montgomery App. No. 17014, unreported; Forsyth v. Hall (March 14, 1997), Montgomery App. No. 16024, unreported; Forsyth v. Forsyth (June 14, 1996), Montgomery App. No. 15487, unreported.
In addition, Forsyth has filed at least five original actions with this court in connection with the divorce and connected cases, all of which were dismissed. State ex rel. Forsyth v.Brigner (Feb. 18, 1999), Montgomery App. No. 17547, unreported;State ex rel. Forsyth v. Brigner (Feb. 18, 1999), Montgomery App. No. 17591, unreported; State ex rel. Forsyth v. Brigner (Dec. 29, 1999), Montgomery App. No. 17467, unreported; State ex rel.Forsyth v. Brigner (Sept. 2, 1998), Montgomery App. No. 17320, unreported; State ex rel. Forsyth v. Brigner (Aug. 26, 1998), Montgomery App. No. 17301, unreported. Forsyth has also appealed to this court twice in connection with a different divorce.Snider v. Forsyth (June 26, 1998), Clark App. No. 97CA123, unreported; Snyder-Forsyth v. Forsyth (Aug. 30, 1996), Clark App. No. 95CA106, unreported. In all of these actions, Forsyth has acted pro se.
Forsyth has also pursued eleven separate appeals to the Supreme Court, all of which have been dismissed. State ex rel.Forsyth v. Brigner (1999), 85 Ohio St.3d 1444; Forsyth-Snider v.Forsyth (1998), 84 Ohio St.3d 1407; State ex rel. Forsyth v.Brigner (1998), 82 Ohio St.3d 1429; State ex rel. Forsyth v.Montgomery Cty. Court of Common Pleas (1998), 81 Ohio St.3d 1412;State ex rel. Forsyth v. Brigner (1997), 80 Ohio St.3d 1463;Forsyth v. Forsyth (1997), 80 Ohio St.3d 1423; Snyder-Forsyth v.Forsyth (1997), 77 Ohio St.3d 1517; State ex rel. Forsyth v.Brigner (1997), 77 Ohio St.3d 1512; Forsyth v. Forsyth (1996),77 Ohio St.3d 1473; State ex rel. Forsyth v. Brigner (1994),71 Ohio St.3d 1403; Forsyth v. Forsyth (1994),70 Ohio St.3d 1474.
Today Mr. Forsyth adds another opinion and judgment to the ever-growing list of his feats of litigiosity.
The facts of the case are as follows. Forsyth and one of the named defendants, Pauline Hall, were involved in a divorce action. At the conclusion of the action, Forsyth had a judgment entered against him, which was affirmed on appeal. Forsyth, Montgomery App. No. 15467, supra. He pursued a number of post-judgment remedies to avoid that judgment. None of these was successful. See, e.g., Hall, Montgomery App. No. 17014, supra. Forsyth also filed a civil action against Hall alleging fraud, misrepresentation, and numerous criminal acts. That suit, however, was dismissed, and the judgment of dismissal was affirmed. Forsyth, Montgomery App. No. 16024, supra.
In pursuit of her judgment against Forsyth, Hall filed a foreclosure action against him in Clark County. Forsyth defended himself by arguing that the underlying judgment was void. The common pleas court granted the foreclosure and directed the Sheriff to sell the property at auction. Forsyth's demand for emergency relief from that judgment was rejected both by this court and the Supreme Court, Forsyth v. Forsyth (1997), 79 Ohio St.3d 1489,683 N.E.2d 791, and the appeal itself was eventually dismissed, Forsyth, Clark App. No. 97CA71, supra.
Forsyth then brought this action in the Clark County Common Pleas court against the purchaser of the property (Rhonda Dearth), the auction house (Paden `s Auction Service), the Sheriff's Office, the Clark County Common Pleas Court, the Montgomery County Common Pleas Court, and Pauline Hall. In his complaint, he sought damages arising from various alleged violations of his constitutional rights. The defendants each raised various affirmative defenses against the suit, including governmental immunity and res judicata. On October 20, 1998, the trial court granted summary judgment in favor of all defendants. Forsyth now appeals from that judgment.
 II.
Forsyth raises nine assignments of error on appeal. Many of those assignments are redundant in that more than one addresses the propriety of the summary judgment granted below. We will consider those similar assignments in tandem. They are as follows:
 Assignment of Error No 1. Did trial court abuse its discretion in granting summary judgment to each and every defendant by using documents in support of motions for summary judgment to resolve issues of fact rather than to determine if issues of fact exist?
Assignment of Error No. 3. Did trial court violate the rule of law in its judgment by considering evidence not in the record and not in accordance with Civil Rule 56(C)?
Assignment of Error No. 7. Is it an abuse of discretion for trial court to consider or develop information which is not provided by a litigant nor submitted into evidence by any litigant?
Assignment of Error No. 8. Did any of the litigants clearly establish that no issues of fact requiring trial on the merits are presented by the pleadings, and/or evidence by affidavits?
Assignment of Error No. 9. If a summary judgment does not address all issues presented, can its judgment cease continued action, i.e. a jury trial on all of the outstanding issues?
 In his amended complaint in the underlying action, Forsyth claimed that the original judgment awarded to Pauline Hall was void and that, as a consequence, the subsequent foreclosure, auction, and sale of his property was void. Forsyth stated five causes of action against the multiple defendants, all of which phrased Forsyth's injury in terms of a violation of his constitutional right to due process.
Appellate review of a summary judgment determination is denovo, because the propriety of granting summary judgment is a question of law. Williams v. Veterans of Foreign Wars, BrookvilleMem. Post No. 3228, Inc. (1994), 99 Ohio App.3d 213, 218. A movant is entitled to summary judgment only if he demonstrates: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.
Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66; see also Civ.R. 56(C). The party seeking summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims."Dresher v. Burt (1996), 75 Ohio St.3d 280, 293 Once the moving party has met that burden, the non-moving party must then meet the reciprocal burden of showing that a genuine issue of material fact does exist.
In a well considered and thorough decision, the trial court awarded summary judgment in favor of the defendants based on the doctrine of res judicata. Several of the appellees also point out that they were either immune from this suit or not proper parties from the outset. We will consider each such rationale independently.
 A. Sovereign and Judicial Immunity
"The long established common law rule in Ohio is that the state, being sovereign, is not amenable to suit in its own courts without its express consent." Schenkolewski v. ClevelandMetroparks System (1981), 67 Ohio St.2d 31, 33; Raudabaugh v.State (1917), 96 Ohio St. 513, 514. In 1912, Section 16, ArticleI of the Ohio Constitution was amended to provide that "(s)uits may be brought against the state, in such courts and in such manner, as may be provided by law." In accordance with that section, in 1975 the General Assembly waived the sovereign immunity of the State of Ohio through the Court of Claims Act, R.C. 2743.01 et seq. That act permits the various arms and agencies of the state to be sued as private parties, but only in the Court of Claims. R.C. 2743.02; 2743.01(A). Under the Court of Claims Act, the state did not waive the sovereign immunity extended to its political subdivisions. Tymcio v. State (1977),52 Ohio App.2d 298, 300. Political subdivisions have statutory immunity from suit subject to certain enumerated exceptions. R.C.2744.02(B)(3).
Here, Forsyth has pursued a complaint for damages against the Clark County and Montgomery County courts of common pleas and has pursued that complaint in the common pleas court rather than the Court of Claims. Forsyth has not sued the officers of those courts in their individual capacities, but rather has sued them as agencies of the state. No exception to the doctrine of sovereign immunity exists that permits suit for damages against a common pleas court over matters involving the exercise of its governmental functions. See Tymcio, 52 Ohio App.2d at 301, 302
(holding that a common pleas court is a political subdivision not amenable to suit in the Court of Claims); State ex rel. Mayer v.City of Cincinnati (1938), 60 Ohio App. 119, 120 (holding that a court is not an entity subject to suit for damages); R.C. 2744.02. Thus, the common pleas courts were entitled to summary judgment.
The fact that Forsyth is pursuing complaints for various constitutional violations does not overcome the effect of sovereign immunity. In enacting civil rights legislation, Congress did not abrogate the immunity of states under the Eleventh Amendment. Thus, agencies of the state are not "persons" subject to suit under Section 1983. Harman v. Ohio Dept. of Corr.
(1991), 74 Ohio App.3d 703, 705. As a consequence, the Clark County and Montgomery County Courts of Common Pleas were entitled to judgment as a matter of law on Forsyth's civil rights claims.
Even if Forsyth had sued the officers of those courts in their individual capacities, they would still have been entitled to immunity. It is well settled that where a judge possesses jurisdiction over a controversy, he cannot be held civilly liable for actions taken in his judicial capacity. State ex rel. Fisherv. Burkhardt (1993), 66 Ohio St.3d 189, 191. It is clear that both courts had jurisdiction in the underlying matters, whether or not their judgments were correct, and Forsyth does not claim otherwise. Thus, the officers of those courts were also immune from suit for civil damages.
In regard to Forsyth's constitutional claims, the immunity of the individual judges is just as clear. A judge is immune from suit under Section 1983 unless he has acted in the "clear absence of all jurisdiction." Kelly v. Whiting (1985), 17 Ohio St.3d 91,93, quoting Stump v. Sparkman (1978), 435 U.S. 349, 356-357,98 S.Ct. 1099, 1104-1105, 55 L.Ed.2d 331. Thus, Forsyth could not pursue civil-rights claims against the judges of these courts anymore than against the courts themselves.
The Clark County Sheriff's Department is also entitled to immunity. A county sheriff's department is not a "person" amenable to suit for alleged civil rights violations. Davis v.Stanley (N.D. Ala. 1987), 740 F. Supp. 815, 817. In addition, Forsyth is pursuing the department for the part it played in conducting the sale of his property after foreclosure. Government actions performed in accordance with a court order are cloaked with judicial immunity. Kelly, 17 Ohio St.3d at 93; WholesaleElectric Supply v. Robusky (1970), 22 Ohio St.2d 181, syllabus. Because the Sheriff conducted the sale pursuant to a facially valid court order, he was absolutely immune from suit. That immunity also extends to Paden's Auction Service which assisted the Sheriff executing the court order. See Wholesale Electric,22 Ohio St.2d at 183-184. Therefore, these parties also were entitled to judgment as a matter of law.
 B. Absence of State Action
It is axiomatic that, in order to state a claim based on violation of constitutional rights, there must be an allegation that the conduct in question was performed by a person acting under color of state law. Cooperman v. Univ. Surgical Assoc.,Inc. (1987), 32 Ohio St.3d 191, 199. Forsyth cannot pursue a civil rights action against his ex-wife because, in pursing and obtaining court judgments, she was not participating as a state actor, but as a private citizen. See Kelly, 17 Ohio St.3d at 94. Accordingly, she was entitled to judgment as a matter of law.
Forsyth has also failed to allege the necessary state action on the part of Rhonda Dearth. As the purchaser of Forsyth's former residence, Dearth was not a state actor. Similarly, any remedy that she exercised with regard to Forsyth's personal property that remained at the residence was not state action. SeeFlagg Bros., Inc. v. Brooks (1978) 436 U.S. 149, 165-166,98 S.Ct. 1729, 1738, 56 L.Ed.2d 185.
Because Forsyth's complaint alleged violations of his constitutional rights, he failed to state a claim against those parties that were not state actors. As a consequence, both Pauline Hall and Rhonda Dearth were entitled to summary judgment on the claims against them.
 C. Res Judicata
In his complaint, Forsyth alleged that the original judgment of divorce was void, that the foreclosure order was void, that the Sheriff's sale was illegal, that his eviction illegal, and that the seizure of his house and personal property were illegal. The trial court correctly found that all of these claims had been previously litigated or could have been litigated and, therefore, were barred by the doctrine of res judicata. In its decision granting summary judgment, the trial court engaged in the following analysis, which we adopt in whole:
 Res judicata operates "to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." Consumer's Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9, 10. For res judicata to apply, the issue under consideration must have been "passed upon" or "conclusively decided" in an earlier proceeding. Id.
The doctrine bars further litigation when judgment was rendered in one of two contemporaneous actions between the same parties. The primary purpose of res judicata is to avoid multiplicity of lawsuits arising out of the same operative facts and to assure an end to litigation. Deaton v. Burney (1995),107 Ohio App.3d 407, 414. The res judicata doctrine bars all claims that might have been litigated in the first action as well as those actually litigated. Ciava v. Parkman Twp. (1995), 73 Ohio St.3d 379.
In State ex rel. Schneider v. Brewer (1951), 155 Ohio St. 203,205, the Supreme Court found "Citation of authorities is not needed to support the proposition that where a court of record has jurisdiction over the subject matter before it and renders a judgment, such judgment may not be collaterally impeached. So long as it stands unreversed, it remains conclusive as to the matter decided."
In LaBarbera v. Batch (1967), 10 Ohio St.2d 106, syllabus, the Supreme Court held: "Where it is properly established that in a prior suit on the same cause of action between the same parties a valid and existing final judgment was rendered for defendant * * * such judgment, whether or not erroneous, is on the merits, and is res judicata, and the plaintiff is not entitled to recommence his action * * *.
At page 110, the court went on to say: "When res judicata or estoppel is applicable, the record properly in evidence of a valid and existing judgment is conclusive, when it shows on its face that a relitigation of the same cause of action is sought."
Res judicata encompasses both estoppel by judgment, referred to as claim preclusion, and collateral estoppel, referred to as issue preclusion. Metrohealth Medical Center v. Hoffman-LaRoche,Inc. (1977), 80 Ohio St.3d 212, 216. Estoppel by judgment prevents a party from relitigating the same cause of action after a final judgment has been rendered on the merits as to that party.Id. at 217. Collateral estoppel prevents parties and their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a previous suit. Id.
In the original divorce action, the parties litigated whether they were indeed married as a condition precedent to divorce and division of property. Within the same case, plaintiff raised issues of fraud and misrepresentation. He claimed that such issues rendered the divorce judgment void. Those issues were litigated and appealed.
The Court of Appeals remanded the case to the trial court to consider plaintiff's motion for a new trial. Plaintiff again raised the issues of fraud and misrepresentation; he again claimed that the divorce judgment was void. In fact, through appellate review, the decree of divorce with its monetary judgments remains in full force and effect today.
Plaintiff then sought to collaterally attack the divorce decree in the Common Pleas General Division as previously set forth. He raised fraud, falsification, conspiracy, and other such claims. The Court entered judgment against him. He raised the same claims in Defendant Hall's foreclosure case wherein he sought to have the trial court void the judgment liens that were the subject of the foreclosure. The issues were resolved adversely.
In the within cause, plaintiff again raises the same issues.
A judgment is void where the trial court lacks subject matter or personal jurisdiction. Indeed, a judgment rendered in the absence of such jurisdiction is void ab initio. A judgment entered erroneously by a court of competent jurisdiction is voidable. Spoors v. Coen (1886), 44 Ohio St. 497.
Plaintiff has failed to establish that the original divorce judgment was and is void. The errors that he claims, if demonstrated in a timely fashion through appeal or Civil Rule 60(B) motion, would simply render the judgment voidable. Such issue was finally resolved against him by direct appeal. Therefore, the existence of a common-law marriage and the resultant divorce, division of property and monetary judgment are binding and enforceable. There is no genuine issue of material fact in that regard.
Estoppel by judgment bars plaintiff's claims against Defendant Pauline Hall; collateral estoppel bars claims against Defendants Dearth, Clark County Court of Common Pleas, Clark County Sheriff's Department and Paden's Auction Services, Inc.
 We agree wholeheartedly with the foregoing. In this case, Forsyth is merely attempting to relitigate matters that have already been decided or claims that should have been raised in one of his earlier lawsuits. With any lawsuit, it is a rare thing when both parties are satisfied with the result. Nevertheless, once a case has been pursued to its conclusion, even the dissatisfied party must ultimately recognize when he has lost. The law does not permit him to file one lawsuit after another until he reaches the result he desires. As is evident from the procedural history outlined above, this is what Mr. Forsyth has attempted to do. As the trial court recognized, the doctrine of res judicata is the proper antidote to that sort of behavior.
Forsyth cites Smith v. City of Mayfield Heights (1955),99 Ohio App. 501, 511 for the proposition that "a hearing in which a party is not accorded the constitutional rights of due process of law is null and void and of no effect." Thus, he claims, the original order of divorce was void for lack of due process and could not have a res judicata effect. Forsyth greatly misapprehends the meaning of the Smith opinion, however. Smith
involved the sufficiency of an administrative hearing in rendering due process. Id. at 510. The administrative hearing in that case was insufficient because the claimant was given no opportunity to be heard. Id.
Here, in contrast, Forsyth had full opportunity to make his case, not in an administrative setting, but in a court of law. With that opportunity came the right to appeal any errors that the trial court might have made in rendering its judgment. Forsyth pursued that appeal and lost. Thus, contrary to his assertion, Forsyth had full due process. The judgment of a court of law, unlike that of an administrative body, is void only when the court lacks jurisdiction over the subject matter or over the parties.State v. Chivers (July 2, 1998), Montgomery App. No. 16751, unreported. Forsyth has not alleged that the trial courts in the underlying divorce and foreclosure cases lacked jurisdiction to enter their judgments. Indeed, it is evident that those courts properly exercised jurisdiction. The orders of those courts, therefore, were due the full effect of res judicata. Because, as the trial court held, all of Forsyth's claims were barred by that doctrine, the appellees were all entitled to the grant of summary judgment.
For the foregoing reasons, appellant's first, third, seventh, eighth, and ninth assignments of error are all overruled.
 III.
Forsyth raises the following as his second assignment of error:
 Assignment of Error No. 2. Did trial court abuse its discretion in not granting summary judgment to Plaintiff by using documents in support of motions for summary judgment to resolve issues of fact rather then [sic] to determine if issues of fact exist?
 We have already found that the defendants were entitled to summary judgment because they were not amenable to suit and because Forsyth's claims were all barred by the doctrine of res judicata. It follows, then, that Forsyth himself was not entitled to summary judgment.
He argues, however, that certain defendants failed to submit affidavits either in support of their motions or in opposition to his. Thus, he claims that he should have been granted summary judgment. Nevertheless, Civ.R. 56 does not require a party to submit affidavits in support of its position. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 291-292. One may point to any evidence in the record, including "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." Civ.R. 56(C); Dresher, 75 Ohio St.3d at 293. A party, furthermore, is not obligated to itself enter the evidence on which it relies. Id. Here, it was sufficient for the defendants to rely on the inadequacies of Forsyth's complaint, affirmative defenses duly raised by answer, and the prior orders of the common pleas courts. Accordingly, appellant's second assignment of error is overruled.
 IV.
Appellant's fourth and fifth assignments of error are as follows:
 Assignment of Error No. 4. Did trial court deny due process of law?
Assignment of Error No. 5. Did trial court deny equal protection of the law?
 Here, Forsyth claims that the trial court violated his constitutional rights by awarding summary judgment to the defendants instead of holding a jury trial. It is not a constitutional violation, however, to award summary judgment under Civ.R. 56 to a party that is entitled to judgment as a matter of law. Houk v. Ross (1973), 34 Ohio St.2d 77, paragraph one of the syllabus. These assignments of error are overruled.
 V.
Forsyth's sixth assignment of error is as follows:
 Assignment of Error No. 6. Is a judgment rendered by the Ohio Court of Appeals a lawful, valid judgment when it is contrary to the judgments rendered by the Supreme Court of the United States?
 Forsyth's arguments in this connection are really two-fold. First, he argues that the trial court acted improperly in granting summary judgment in favor of the defendants. We have already found that the trial court did not err in that regard. Second, Forsyth argues that the trial court erred by not holding a hearing on the various motions for summary judgment. Although Civ.R. 56(C) contemplates that a trial court may hold a hearing on a motion for summary judgment, there is no requirement that a trial court must schedule an oral hearing on every motion. Klesch v. Reid (1994), 95 Ohio App.3d 664, 672. Forsyth apparently did not request the trial court to hold such a hearing. Thus, the trial court did not err in not doing so.
Appellant's sixth assignment of error is overruled.
 VI.
Having determined that the trial court properly granted summary judgment in favor of all defendants, and having overruled all nine of appellant's assignments of error, we hereby affirm the judgment of the trial court.
Judgment affirmed.
GRADY, P.J., and FAIN, J., concur.
Copies mailed to:
 M. Wayne Forsyth Timothy N. Tye John F. Krumholtz Steven G. LaForge David W. Orlandini Thomas W. Wilson Pauline H. Hall Hon. Robert Nichols