KELLY, APPELLANT, *v.* WHITING, JUDGE, ET AL., APPELLEES:

[Cite as Kelly *v.* Whiting (1985), 17 Ohio St. 3d 91.]

(No. 83-1482—Decided May 15, 1985.)

*Sanford J. Berger* and *Robert M. Fertel,* for appellant.

*John T. Corrigan,* prosecuting attorney, *Michael D. Pokorny* and *Thomas P. Gill,* for governmental appellees.

*Radman, Schad & Ginsberg Co., L.P.A.,* and *Mildred K. Schad,* for non-governmental appellees.

WRIGHT, J. Initially, it should be noted that the only issues properly before this court are the following:

(1) Whether the governmental defendants are protected from civil liability by the doctrine of judicial immunity?

(2) Has the appellant set forth causes of action against the non-governmental defendants based on the common-law torts of invasion of

privacy or malicious prosecution, or based on Section 1983, Title 42, U.S. Code?[1]

Appellant's Section 1983 claims against the governmental appellees were properly dismissed because these appellees were immune from the claims. In *Stump* v. *Sparkman* (1978), 435 U.S. 349, the Supreme Court held the following with regard to the scope of a judge's immunity from damages liability when sued pursuant to Section 1983, Title 42, U.S. Code:

"* * * A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 356-357. (Citation and footnote omitted.)

The trial court had jurisdiction to issue a capias. R.C. 2705.02, 2705.03 and 3105.011; *Smith* v. *Smith* (1980), 70 Ohio App. 2d 87, 91 [24 O.O.3d 155].[2] Therefore, Judges Sweeney and Whiting are immune from liability with respect to appellant's Section 1983 claims. The Section 1983 claims against the remaining governmental appellees were properly dismissed because, with the exception of Gerald Fuerst, Clerk of Courts, the record does not disclose that they were involved with the issuance of the capias. Gerald Fuerst, Clerk of Courts, is immune from liability under Section 1983 because he was merely acting pursuant to court directive. *Lockhart*

---

[1] Appellant's claim that he is entitled to maintain a class action will not be considered by this court because this claim was not assigned as error in the court of appeals. Appellant's claim that he has standing to maintain suit seeking injunctive or declaratory relief will not be considered by this court because appellant discussed his standing only in the context of maintaining a class action suit and, as noted earlier, this court does not have jurisdiction to entertain appellant's class action arguments. Further, even if appellant's standing arguments were properly before this court, appellant would not prevail because the fact that he was never arrested and the capias was withdrawn illustrate that he was not in danger of suffering irreparable harm, as required for injunctive relief, and that he was not in immediate danger of suffering direct injury as required for declaratory relief.

[2] R.C. 2705.02 states in pertinent part:
"A person guilty of any of the following acts may be punished as for a contempt:
"(A) *Disobedience of,* or resistance to, a lawful writ, process, *order,* rule, judgment or command *of a court* or an officer; * * *." (Emphasis added.)
R.C. 2705.03 states:
"In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section *does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings."* (Emphasis added.)
R.C. 3105.011 states:
"The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter."

v. *Hoenstine* (C.A. 3, 1969), 411 F.2d 455, certiorari denied (1969), 396 U.S. 941.

Appellant's Section 1983 claims against the non-governmental appellees must fail for lack of state action. This same issue was presented in appellant's suit in federal district court. We adhere to that court's reasoning that appellant's ex-wife was not a state actor on the authority of *Torok* v. *Torok* (Oct. 31, 1983), N.D. Ohio No. 83-4432, unreported, and that the ex-wife's attorneys were not subject to Section 1983 because "a privately retained attorney does not act under color of state law while representing his client in the state court system." See *Henderson* v. *Fisher* (C.A.3, 1980), 631 F. 2d 1115, 1119; *Dunn* v. *Hackworth* (C.A. 8, 1980), 628 F. 2d 1111, 1112.

Appellant's common-law tort actions against the governmental appellees were properly dismissed because of judicial immunity. It is well-settled that a judge is immune from civil liability for actions taken in his judicial capacity when jurisdiction is proper. *Wilson* v. *Neu* (1984), 12 Ohio St. 3d 102; *Voll* v. *Steele* (1943), 141 Ohio St. 293 [25 O.O. 424]; *Tymcio* v. *State* (1977), 52 Ohio App. 2d 298 [6 O.O.3d 310]. Likewise, the remaining governmental appellees also enjoy a similar immunity. See *Wholesale Electric & Supply* v. *Robusky* (1970), 22 Ohio St. 2d 181 [51 O.O.2d 240]; *Mennel Milling Co.* v. *Slosser* (1942), 140 Ohio St. 445 [24 O.O. 466].

Appellant asserts a cause of action based on malicious prosecution against the non-governmental appellees. This claim was dismissed by the trial court on the bases of collateral estoppel and lack of standing. The court of appeals affirmed the dismissal of this claim on the bases of lack of standing and failure to set forth a claim for which relief may be granted. Putting aside the issue of the appellant's lack of standing, we affirm the lower court's dismissal of this cause of action for failure to set forth a claim for which relief may be granted.

In order to withstand a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint for malicious prosecution must allege the following: (1) a prior proceeding was maliciously instituted against the plaintiff by defendant, *Woodruff* v. *Paschen* (1922), 105 Ohio St. 396; (2) there was no probable cause for the filing of the prior lawsuit, *Melanowski* v. *Judy* (1921), 102 Ohio St. 153; and (3) the prior lawsuit was terminated in the plaintiff's favor, *Levering* v. *National Bank* (1912), 87 Ohio St. 117. Applying this standard, appellant's malicious prosecution action can not withstand a motion to dismiss. Although no hearing on the capias was held, appellant, after the filing of the affidavit that triggered the issuance of the capias, voluntarily complied with the original court order. Therefore, the third requirement above has not been met. Further, appellant fails to state a claim for relief because he was not arrested and his property was not seized. See *Cincinnati Daily Tribune Co.* v. *Bruck* (1900), 61 Ohio St. 489; *Dakters* v. *Shane* (1978), 64 Ohio App. 2d 196 [18 O.O.3d 150]; *Battig* v. *Forshey* (1982), 7 Ohio App. 3d 72 *Woyczynski* v.

*Wolf* (1983), 11 Ohio App. 3d 226. Therefore, appellant's malicious prosecution action was properly dismissed.

Appellant also attempted to state a claim for invasion of privacy. The record discloses that appellant was in violation of a court order. The filing of a complaint by Margo Kelly to bring this violation to the court's attention obviously does not constitute tortious conduct.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., concurs separately. [See page 254, *infra*, for text of concurring opinion.]