THE STATE EX REL. FISHER, ATTY. GEN., APPELLANT,
*v.* BURKHARDT ET AL., APPELLEES.

[Cite as *State ex rel. Fisher v. Burkhardt* (1993), 66 Ohio St.3d 189.]

_____

" * * *

190

(No. 92–340—Submitted February 16, 1993—Decided May 5, 1993.)

*Lee I. Fisher,* Attorney General, and *Jerry K. Kasai,* Assistant Attorney General, for appellant.

*Don S. McAuliffe,* for appellees.

FRANCIS E. SWEENEY, SR., J.  The main issue in this case is whether a village mayor is protected by judicial immunity against liability for ordering the mayor's court not to collect court costs imposed by R.C. 2743.70 and 2949.-091(B) in cases involving bond forfeitures.  For the following reasons, we conclude that the order was made within appellee Burkhardt's judicial capacity as the mayor's court judge, and, thus, the doctrine of judicial immunity applies.

It is a well-settled rule in Ohio that where a judge possesses jurisdiction over a controversy, he is not civilly liable for actions taken in his judicial capacity.  *Kelly v. Whiting* (1985), 17 Ohio St.3d 91, 17 OBR 213, 477 N.E.2d 1123; *Wilson v. Neu* (1984), 12 Ohio St.3d 102, 12 OBR 147, 465 N.E.2d 854; *Voll v. Steele* (1943), 141 Ohio St. 293, 25 O.O. 424, 47 N.E.2d 991.  The Supreme Court of the United States in *Stump v. Sparkman* (1978), 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331, 342, held that the factors determining whether an act by a judge is judicial relate to the nature of the act itself (whether it is a function normally performed by a judge), and the expectation of the parties (whether they dealt with the judge in his judicial capacity).

In the present case, appellee Burkhardt was a judge while serving in his capacity as mayor's court judge.  *Voll, supra;* see, also, Traf.R. 2.  One of a judge's functions is to interpret the law in matters over which the judge has jurisdiction.  Appellee had jurisdiction as the mayor's court judge to hear

cases in which bonds were forfeited. R.C. 1905.01. Additionally, appellee had the right and duty as the mayor's court judge to establish a schedule of fines and costs for traffic offenses pursuant to R.C. 2935.26(E) and Traf.R. 13(C).

While we find that the court does have a mandatory duty to collect and transmit court costs to the state in bond forfeiture cases pursuant to R.C. 2743.70(B) and 2949.091(B),[1] appellee cannot be held civilly liable for his interpretation to the contrary, since appellee was acting in his capacity as a judge who had the duty to interpret the statutes and establish court cost schedules in traffic offenses which would come to his court. A judge who has the requisite jurisdiction over a controversy is immune from liability even though his acts are voidable as taken in excess of jurisdiction. *Wilson v. Neu*, *supra*, 12 Ohio St.3d at 104, 12 OBR at 149, 465 N.E.2d at 856.

Accordingly, we conclude that the mayor's order not to collect court costs in bond forfeiture cases before the mayor's court was an order made within his judicial capacity, and, thus, under the doctrine of judicial immunity, appellees cannot be held civilly liable.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

---

1. R.C. 2743.70(B) provides:

"Whenever a person is charged with any offense other than a traffic offense that is not a moving violation and posts bail pursuant to sections 2937.22 to 2937.46 of the Revised Code, Criminal Rule 46, or Traffic Rule 4, the court shall add to the amount of the bail the twenty or six dollars required to be paid by division (A)(1) of this section. The twenty or six dollars shall be retained by the clerk of the court until the person is convicted, pleads guilty, forfeits bail, is found not guilty, or has the charges against him dismissed. If the person is convicted, pleads guilty, or forfeits bail, the clerk shall transmit the twenty or six dollars to the treasurer of state, who shall deposit it in the reparations fund. If the person is found not guilty or the charges against him are dismissed, the clerk shall return the twenty or six dollars to the person."

R.C. 2949.091(B) provided:

"Whenever a person is charged with any offense other than a traffic offense that is not a moving violation and posts bail, the court shall add to the amount of the bail the seven dollars required to be paid by division (A)(1) of this section. The seven dollars shall be retained by the clerk of the court until the person is convicted, pleads guilty, forfeits bail, is found not guilty, or has the charges against him dismissed. If the person is convicted, pleads guilty, or forfeits bail, the clerk shall transmit the seven dollars to the treasurer of state who shall deposit it in the general revenue fund. If the person is found not guilty or the charges against him are dismissed, the clerk shall return the seven dollars to the person." 140 Ohio Laws, Part II, 2994.

Effective July 1, 1987, the amount was increased to $8. 142 Ohio Laws, Part II, 2235.

"Bail" is defined in R.C. 2743.70(D)(2), and is synonymous with "bond."