[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following his last unsuccessful attempt to appeal this case, plaintiff-appellant, Thomas Starks, has dismissed the state of Ohio with prejudice, giving us jurisdiction to address his appeal. Having previously engaged in a recitation of the extensive procedural history surrounding this case,[1] we address only the merits of Mr. Starks's assignments of error. Mr. Starks essentially argues in both assignments that his complaint was sufficiently pleaded to survive a Civ.R. 12(B) motion to dismiss. Accordingly, we address both assignments of error in the aggregate. Although we conclude that one of Mr. Starks's arguments is legally correct, we nonetheless hold that the trial court did not err in dismissing Mr. Starks's complaint for failure to state a claim upon which relief could be granted.[2]
In his first assignment, Mr. Starks contends that his complaint should not have been dismissed on res judicata grounds. The Ohio Supreme Court has held that the affirmative defense ofres judicata cannot successfully be raised by a Civ.R. 12(B) motion.[3] A trial court is limited to a review of the pleadings in ruling on a Civ.R. 12(B) motion; therefore, the defense of res judicata is not proper because it necessitates bringing matters outside the pleadings to the court's attention.[4]
Defendants-appellees Lesandre Starks, B.D. Robinson, William Abernethy, Jr. and Strauss Troy and defendant-appellee Hamilton County filed two separate motions to dismiss. In support of both motions, they maintained that Mr. Starks's complaint should be dismissed because res judicata barred relitigation of his claims. Apparently, Mr. Starks had raised the same claims against Ms. Starks, Mr. Robinson, Mr. Abernethy, Strauss Troy, and Hamilton County in the United States District Court, Southern District of Ohio.[5] The district court dismissed Mr. Starks'sin forma pauperis complaint as frivolous pursuant to then existing Section 1915(d), Title 28, U.S. Code.[6] A copy of the district court's decision was attached to both motions to dismiss. Because evidentiary material outside the pleadings was submitted and because that material would have been necessary to invoke the doctrine of res judicata, we conclude that Mr. Starks's complaint should not have been dismissed under Civ.R. 12(B) on the basis of res judicata.[7]
In his second assignment, Mr. Starks argues that his complaint was sufficiently pleaded to survive a Civ.R. 12(B)(6) motion to dismiss. The thrust of Mr. Starks's current complaint, in the first and second counts, is that the appellees conspired to violate his equal-protection and due-process rights by improperly handling his domestic relations case. Further, he argues that his federal and state civil rights were violated.
We review a trial court's dismissal pursuant to Civ.R. 12(B)(6)de novo.[8] After viewing all reasonable inferences in favor of Mr. Starks,[9] we conclude that his state constitutional claims in counts one and two are not supported by an arguable basis in law.[10] Furthermore, the alleged federal constitutional violations in counts one and two, which appear to be grounded in Section 1983, Title 42, U.S. Code, are unsupported by specific facts to demonstrate a violation.[11]
To make out a Section 1983 claim, two elements are required: (1) the conduct in controversy must be committed by a person acting under the color of state law; and (2) the conduct must deprive the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States.[12] A local governing body may be sued directly under Section 1983, but liability under the principle of respondeat superior cannot be imposed on governmental entities.[13]
Therefore, a plaintiff suing a governmental defendant must allege and prove the existence of a policy or custom of violating individual rights.[14]
Here, the complaint does not cite to a specific custom or policy implemented by Hamilton County to provide the necessary basis for Section 1983 liability. Moreover, Mr. Starks has failed to indicate how Ms. Starks, Mr. Robinson, Mr. Abernethy, and Strauss Troy were state actors. Accordingly, we conclude that Mr. Starks's complaint fails to state, in counts one and two, a federal claim upon which relief can be granted.
Finally, Mr. Starks maintains in count three of his complaint that Hamilton County's actions were racially motivated.[15] In support of this allegation, Mr. Starks points only in general terms to a racial motivation on the part of a judge of the domestic relations court.
It is well settled that judges are accorded judicial immunity.[16] This immunity is forfeited only where a judge acts in the "clear absence of all jurisdiction."[17] While immunity is an affirmative defense, a dismissal is nevertheless proper where the complaint bears conclusive evidence that the action is barred by the defense.[18]
Here, Mr. Starks's complaint does not plead specific facts showing how the domestic relations judge was acting outside his jurisdiction. Moreover, Mr. Starks does not point to other facts that might substantiate his racial-discrimination claim against Hamilton County. As a result, we conclude that the dismissal of count three pursuant to Civ.R. 12(B)(6) was proper.
Having determined that the claims were properly dismissed pursuant to Civ.R. 12(B)(6), we hold that the trial court did not err in dismissing Mr. Starks's complaint as to Ms. Starks, Mr. Robinson, Mr. Abernethy, Strauss Troy, and Hamilton County. Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Starks v. Starks (Mar. 12, 1999), Hamilton App. No. C-980562, unreported.
[2] No basis was revealed in support of the trial court's order of dismissal, but, presumably, it came in response to the arguments set forth in the two motions to dismiss filed by defendants-appellees.
[3] See State ex. rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703.
[4] See id.
[5] See Starks v. Starks (Jan. 23, 1996), S.D.Ohio No. C-1-96-075, unreported, affirmed (Jan. 29, 1997), C.A.6 No. 96-3201, unreported.
[6] Title 28 has subsequently been amended. Section 1915(e)(2) now provides that the court shall dismiss a frivolous or malicious case.
[7] Had the trial court converted the motions to summary-judgment motions, it would have been procedurally permissible to grant judgment on the basis of res judicata. See State ex.rel. Freeman v. Morris, supra.
[8] See Elder v. Fischer (1998), 129 Ohio App.3d 209,212, 717 N.E.2d 730, 732, appeal not allowed (1998), 84 Ohio St.3d 1434,702 N.E.2d 1213.
[9] See State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381.
[10] See State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324, 544 N.E.2d 639.
[11] See O'Brien v. University Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[12] See Parratt v. Taylor (1981), 451 U.S. 527, 535,101 S.Ct. 1908, 1913, overruled in part by Daniels v.Williams (1986), 474 U.S. 327, 106 S.Ct. 662; Shirokeyv. Marth (1992), 63 Ohio St.3d 113, 116, 585 N.E.2d 407,410.
[13] See Monell v. Department of Social Services of theCity of New York (1978), 436 U.S. 658, 690-691,98 S.Ct. 2018, 2035-2036.
[14] See Monell, supra, at 691-692,98 S.Ct. at 2036-2037.
[15] Mr. Starks also asserts that the state of Ohio acted in a racially motivated manner. However, the state has been dismissed with prejudice.
[16] See Stump v. Sparkman (1978), 435 U.S. 349, 356,98 S.Ct. 1099, 1104; State v. ex. rel. Fisher v.Burkhardt (1993), 66 Ohio St.3d 189, 191, 610 N.E.2d 999,1001.
[17] See Stump v. Sparkman, supra at 356-357,98 S.Ct. at 1105 (citations omitted).
[18] See Rich v. Erie County Dept. of Human Resources
(1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278, 280.