OPINION
{¶ 1} Plaintiff-appellant, Donald Walk, appeals from the Ohio Court of Claims' grant of judgment on the pleadings in favor of defendant-appellee, The Ohio Supreme Court. Because appellant can prove no set of facts in support of a claim that would entitle him to relief, we affirm that judgment.
 {¶ 2} Appellant was convicted in the Erie County Court of Common Pleas of one count of drug trafficking, two counts of drug possession, one count of felonious assault of a peace officer, and one count of tampering with evidence. The assigned judge sentenced appellant to maximum consecutive prison terms for all counts. Appellant's convictions were affirmed on appeal. State v. Walk (Dec. 29, 2000), Erie App. No. E-97-079. However, the appellate court reversed appellant's sentences, finding that the assigned judge failed to make the required findings to impose consecutive prison sentences. The court also held that the assigned judge failed to make the required findings to override the statutory presumption that appellant, who had not previously served a prison term, should serve no more than the minimum indicated prison term for each of the convictions. Therefore, the appellate court vacated appellant's sentences and ordered the assigned judge to modify the sentences for each count to concurrent minimum prison terms. Id.
 {¶ 3} Almost a year later, appellant filed a complaint against the state of Ohio in the Ohio Court of Claims. Appellant averred that he was improperly incarcerated for 11 months due to the assigned judge's erroneous sentencing decision. Appellant sought monetary damages for that period of incarceration. Appellant later filed an amended complaint naming appellee as defendant. Appellant alleged that appellee appointed the assigned judge to hear his criminal case, and, therefore, appellee is liable, as an employer, for the assigned judge's sentencing error. After filing its answer to appellant's complaint, appellee moved for judgment on the pleadings pursuant to Civ.R. 12(C). The trial court granted appellee's motion, finding that, because the assigned judge was immune from civil liability, appellee could not be held vicariously liable for the assigned judge's error.
 {¶ 4} Appellant appeals, assigning the following assignment of error:
THE COURT OF CLAIMS ERRED BY GRANTING THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.
 {¶ 5} In ruling on a Civ.R. 12(C) motion for judgment on the pleadings, "[t]he trial court may only consider the statements contained in the pleadings and may not consider any evidentiary materials." Moore v. Rickenbacker (May 3, 2001), Franklin App. No. 00AP-1259; State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 569. The court must construe as true all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the non-moving party. Whaley v. Franklin Cty. Bd. of Commrs. (2001),92 Ohio St.3d 574, 581. In order to grant the motion, the trial court must find beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. Pontious, supra, at 570. Our review of the appropriateness of a judgment on the pleadings is de novo. Fontbank, Inc. v. CompuServe, Inc. (2000),138 Ohio App.3d 801, 807.
 {¶ 6} Appellant contends that appellee is liable because the judge assigned to handle appellant's criminal case imposed improper sentences. Under the theory of respondeat superior, an employer may be held liable for the negligent acts of its employee if those acts were taken in the employee's scope of employment. Campbell v. Colley (1996),113 Ohio App.3d 14, 22. However, "for the doctrine of respondeat superior to apply, an employee must be liable for a tort committed in the scope of his employment." Id., quoting Strock v. Pressnell (1988),38 Ohio St.3d 207, 217. Thus, if an employee has no liability, the employer cannot be liable under the theory of respondeat superior because any liability of the employer is derivative of the employee's liability. Pretty v. Mueller (1997), 132 Ohio App.3d 717, 723.
 {¶ 7} For example, in Campbell, the plaintiff attempted to hold an ambulance company liable for the alleged negligence of its employee-dispatcher. However, the court noted that former R.C. 3303.21
granted civil immunity to emergency medical personnel, such as the dispatcher. Therefore, the court refused to hold the employer vicariously liable for the employee's acts. Id. at 22; see, also, Van Hull v. Marriott Courtyard (N.D.Ohio, 2000), 87 F. Supp.2d 771, 778-779 (finding employer could not be held vicariously liable for acts of employee when employee immune from liability).
 {¶ 8} In this case, appellant seeks to impose liability on appellee for the act of its employee, the assigned judge who erred in sentencing appellant. However, a judge is immune from civil liability for actions taken within the judge's official capacity, even if those actions were in error, in excess of authority or malicious. State ex rel. Fisher v. Burkhardt (1993), 66 Ohio St.3d 189, 191, citing Kelly v. Whiting (1985), 17 Ohio St.3d 91, 93. A judge will only be subject to liability if: (1) the judge acted in a "clear absence of all jurisdiction"; or (2) the action at issue was not judicial in nature, i.e., an action not normally performed by a judge. Reasoner v. City of Columbus, Franklin App. No. 02AP-831, 2003-Ohio-670, at ¶ 15; Forsyth v. Supreme Court of Ohio (Aug. 25, 1998), Franklin App. No. 98AP-59. Neither of these two exceptions to judicial immunity apply in this case.
 {¶ 9} Pursuant to Section 6(C), Article IV of the Ohio Constitution, appellee appointed the assigned judge to handle appellant's criminal case in the Erie County Court of Common Pleas. It is not contested that the Erie County Court of Common Pleas had subject matter jurisdiction over appellant's case. R.C. 2931.03. Appellant contends that the assigned judge acted without jurisdiction by imposing an illegal sentence. We disagree. As an assigned judge in the Erie County Court of Common Pleas, the judge possessed subject matter jurisdiction over appellant's criminal case. Cf. Wise v. Walton (June 5, 1991), Gallia App. No. 90CA20 (finding assigned judge immune from suit).
 {¶ 10} Even though appellant's sentence was later found to be improper, a judge does not forfeit immunity merely because his decision was in error or in excess of his jurisdiction. Reasoner, supra, at ¶ 17; Stump v. Sparkman (1978), 435 U.S. 349, 356-357. A judge must act in the clear absence of jurisdiction to forfeit immunity. Id. Appellant's claim arises from the assigned judge's imposition of sentence. The sentencing of a criminal defendant is within a common pleas court judge's jurisdiction over criminal matters. Therefore, the assigned judge had jurisdiction to sentence appellant, even though the sentence imposed was reversed on appeal.
 {¶ 11} Additionally, the assigned judge acted in his official judicial capacity in sentencing appellant. An act by a judge is judicial if it is a function normally performed by a judge and if the parties dealt with the judge in his judicial capacity. Burkhardt, supra; Forysth, supra. The inquiry focuses on the nature and function of the act, not on whether the act itself was proper. Mireles v. Waco (1991),502 U.S. 9, 13, quoting Stump, supra; Epling v. Cox (Mar. 1, 1995), Gallia App. No. 94 CA 4. Sentencing is a function normally performed by a judge. Cf. Darulis v. City of Cuyahoga Falls (June 23, 1993), Summit App. No. 15993. In fact, no one other than a judge may impose a criminal sentence in our judicial system. See R.C. 2929.11 et seq. Sentencing a defendant in a criminal case is clearly within the judicial capacity of a common pleas court judge.
 {¶ 12} Consequently, as the assigned judge acted within his jurisdiction and sentenced appellant in his judicial capacity, the assigned judge is immune from civil liability despite the fact that appellant's sentences were reversed on appeal. Because the assigned judge is immune from civil liability, vicarious liability may not be imposed on appellee through the doctrine of respondeat superior. Pressnell, supra; Pretty, supra; Campbell, supra.
 {¶ 13} Because appellant could not prove any set of facts in support of his claim against appellee that would entitle him to relief, the trial court did not err in granting appellee's motion for judgment on the pleadings.
 {¶ 14} Accordingly, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BRYANT and SADLER, JJ., concur.