WOCHNA, Appellant,

v.

KIMBLER, Appellee.

[Cite as *Wochna v. Kimbler*, 163 Ohio App.3d 349, 2005-Ohio-4802.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 05CA0020–M.

Decided Sept. 14, 2005.

350

Lydia Wochna, pro se.

Linda L. Woeber and Hope A. Smith, for appellee.

BATCHELDER, Judge.

{¶ 1} Appellant, Lydia Wochna, appeals from the Medina County Court of Common Pleas, which dismissed her complaint for failure to state a claim upon which relief could be granted. We affirm.

I

{¶ 2} Wochna was a party to a civil case in which the Honorable James L. Kimbler was the presiding judge. According to Wochna, during the trial, Judge Kimbler called counsel into his chambers and, off the record, forced her to concede her case. Allegedly, Judge Kimbler threatened to exclude certain critical evidence and to withhold certain issues from the jury, thereby coercing Wochna to relinquish her claim and settle without a trial. Wochna agreed, the case was settled without trial, and no appeal was taken.

{¶ 3} Instead, Wochna filed a separate lawsuit against Judge Kimbler, seeking money damages by claiming that his conduct violated her constitutional rights and further insinuating that his motive was personal and malicious. Judge Kimbler filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted, asserting that his conduct, even taken as alleged by Wochna, was exempt from civil suit under the concept of judicial immunity. The trial court agreed and dismissed Wochna's complaint. Wochna timely appealed to this court, asserting a single assignment of error.

## II

### Assignment of Error

The trial court erred when it determined that the defendant's in-chambers conduct was judicial action granted immunity from suit.

{¶ 4} Wochna alleges that the trial court erred by dismissing her case as a matter of law, arguing that a judge's out-of-court (in-chambers) statements, allegedly aimed at coercing an unfavorable settlement of her civil suit, do not constitute "judicial action" for purposes of judicial immunity. We disagree.

{¶ 5} A trial court may grant a Civ.R. 12(B)(6) motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that plaintiff to relief. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. As this type of motion is predicated on the plaintiff's "failure to state a claim upon which relief can be granted," it is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 547, 605 N.E.2d 378. The trial court must accept all factual allegations as true and make every reasonable inference in favor of the plaintiff. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584. Therefore, accepting these facts as true, an appellate court reviews the dismissal de novo, as a question of law. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 2004 WL 1907304, at ¶ 5.

{¶ 6} Judicial immunity protects a judge from a civil action for money damages, as asserted by a party claiming to have been injured by some judicial action occurring within the scope of that judge's jurisdiction. *Hill v. Harris* (Mar. 10, 1993), 9th Dist. No. 92CA005379, at *5, 1993 WL 62189, citing *Kelly v. Whiting* (1985), 17 Ohio St.3d 91, 94, 17 O.B.R. 213, 477 N.E.2d 1123. This broad immunity protects even acts "done maliciously, or * * * in excess of * * * authority," so long they are judicial acts. *Kelly,* 17 Ohio St.3d 91, 17 O.B.R. 213, 477 N.E.2d 1123, at paragraph one of the syllabus. "[T]he factors determining whether an act by a judge is judicial relate to the nature of the act itself (whether it is a function normally performed by a judge), and the expectation of the parties (whether they dealt with the judge in his judicial capacity)." *State ex rel. Fisher v. Burkhardt* (1993), 66 Ohio St.3d 189, 191, 610 N.E.2d 999, citing *Stump v. Sparkman* (1978), 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331.

{¶ 7} In her compliant, Wochna recounted Judge Kimbler's conduct as having arisen in the midst of the trial, when he called counsel into his chambers, insisted that Wochna settle the claim and forgo a jury verdict, and threatened to withhold certain decisions and evidence from the jury. Wochna also averred that Judge Kimbler was motivated by personal malice towards her and her husband. Even

accepting these allegations as true for the purpose of this review, we find that they are not so far beyond the scope of Judge Kimbler's jurisdiction that they would abrogate judicial immunity. See *Kelly*, 17 Ohio St.3d at 94, 17 O.B.R. 213, 477 N.E.2d 1123 and paragraph one of the syllabus. Specifically, encouraging parties to settle is "a function normally performed by a judge," and there can be little dispute that an in-chambers conference during the midst of trial prompted these parties to deal "with the judge in his judicial capacity." *Burkhardt*, 66 Ohio St.3d at 191, 610 N.E.2d 999.

{¶ 8} Wochna argues that the nature of Judge Kimbler's conduct was not judicial, because it was conducted in chambers rather than in open court, which precluded a later appeal. Wochna relies on this distinction between acts on and off the record to urge that judicial immunity be denied to judicial acts made off the record, even though they may otherwise satisfy the two-part *Burkhardt* definition. See id. at 191, 610 N.E.2d 999. We find this argument rather cunning, but unpersuasive and without merit, especially as Wochna's predicament arises from her own choice.

■ {¶ 9} Wochna consciously chose to settle her case and forgo further jury trial proceedings. By settling at that time, the parties did not return to the courtroom where Judge Kimbler's alleged threats may (or may not) have been fulfilled and where any consequential errors would have been on the record and properly preserved for appeal. Cf. *State v. Bordner*, 9th Dist. No. 04CA0039, 2005-Ohio-1269, 2005 WL 662916, at ¶ 6 (explaining that an objection must be raised to the trial court, where any error may be corrected, or else it is forfeited and may not be raised for the first time on appeal). By settling her claim at that time, Wochna waived not only her right to a jury trial but also any ability to appeal that issue. Cf. *State v. DePaolo*, 9th Dist. No. 04CA0090–M, 2005-Ohio-2813, 2005 WL 1339304, at ¶ 9 (holding that waiver of jury trial also waives any error that may have been associated with the conduct of that trial). Similarly, an attempt to directly appeal the off-the-record discussions would fail, as the absence of a transcript would cause this court to presume regularity. Cf. *Akron v. Hutton*, 9th Dist. No. 22425, 2005-Ohio-3300, 2005 WL 1523880, at ¶ 23. Thus, rather than proceed with her case and appeal an anticipated adverse decision, Wochna chose to settle, accept the benefits and burdens of settling, and then sue Judge Kimbler personally—which conveniently avoided the above obstacles to a direct appeal.

{¶ 10} This court finds no prudence in promoting such tactics and believes the better policy is advanced by the broad application of judicial immunity envisioned by the Ohio Supreme Court in *Burkhardt*, 66 Ohio St.3d at 191, 610 N.E.2d 999, and *Kelly*, 17 Ohio St.3d at 94, 17 O.B.R. 213, 477 N.E.2d 1123. Wochna's assignment of error is overruled.

### III

{¶ 11} Wochna's assignment of error is overruled.  The decision of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

WHITMORE, P.J., and CARR, J., concur.