**BORKOWSKI, Appellant,**

v.

**ABOOD, Appellee.**

[Cite as *Borkowski v. Abood*, 169 Ohio App.3d 31, 2006-Ohio-4913.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1425.

Decided Sept. 22, 2006.

A.J. Borkowski Jr., pro se.

Linda L. Woeber, Kimberley Vanover Riley, and Matthew E. Stubbs, for appellee.

SKOW, Judge.

{¶ 1} Appellant, pro se, A.J. Borkowski, appeals a judgment by the Lucas County Court of Common Pleas, granting dismissal of his claims against appellee, Judge Charles D. Abood. For the reasons that follow, the judgment of the trial court is reversed.

{¶ 2} Appellant filed a complaint against appellee, a judge in the Fulton County Court of Common Pleas, for alleged violations of the Ohio Revised Code and the Ohio Constitution, including "negligence, acting in bad faith, and acting in a clear absence of all jurisdiction." Together with the complaint, appellant filed a "Notice of Lis Pendens," stating that the instant action involves real property owned by appellee.

{¶ 3} The complaint arose out of an eviction proceeding in which appellant was a defendant and over which appellee presided. An evidentiary hearing was held in the matter on May 13, 2004. Just before the start of the hearing, the trial

court allowed appellant to file a notice of removal to federal court. (The notice had already been file-stamped by the United States District Court, Northern District of Ohio.)

{¶ 4} At the eviction hearing, the plaintiff testified that she was the owner of the property in question. She also provided testimony as to the terms of the lease between herself and appellant and appellant's failure to pay rent. Appellant, for his part, offered no evidence. Instead, acting pro se, he argued that the trial court was divested of jurisdiction to consider the eviction complaint when the notice of removal was filed. The court found that the filing of the notice of the removal did not remove the court's jurisdiction, then proceeded to hear evidence in the case. At the close of the evidence, the trial court found that appellant had defaulted under the terms of the lease and, therefore, was subject to eviction proceedings. The trial court's judgment entry was journalized on May 17, 2004, and a writ of execution of the judgment was filed on May 21, 2004.

{¶ 5} On May 24, 2004, the federal court dismissed appellant's petition for removal and remanded the matter to the trial court. On June 4, 2004, appellant filed a Civ.R. 60(B) motion requesting the trial court to vacate its May 17 and May 21, 2004 judgments. The motion was summarily denied that same day. Appellant appealed the judgment of eviction and the denial of the motion to vacate.

{¶ 6} On appeal, this court found that appellant's removal petition divested the trial court of jurisdiction from the time the notice of removal was filed, on May 13, 2004, until May 24, 2004, when the case was remanded to the trial court. This court further found that the trial court's entries issued during that time period were void.

{¶ 7} In the instant matter, appellee filed a motion to dismiss appellant's claims, and a motion to declare appellant's "Notice of Lis Pendens" void. The trial court, finding that appellee was entitled to absolute judicial immunity, granted both of appellee's motions in a journal entry filed on December 1, 2005. In the same journal entry, the trial court overruled several motions that had been filed by appellant—specifically, a motion for summary judgment, and a "Motion to Enforce Law Against Defendant and Request for Sanctions." On December 6, 2005, appellant filed a motion entitled "Ohio Civil Rule 60(B)(1)-(5) Motion to Vacate the Court's Judgment of 11/30/2005 and to Reinstate Plaintiff's Valid Complaint, Lis–Pendens and all of his Pleadings with Affidavit." No ruling was made on this motion. Appellant timely appealed the judgments set forth in the December 1, 2005 journal entry, raising the following assignments of error:

{¶ 8} I. "The lower court erred to the prejudice of appellant in that granting appellee's motion to dismiss, motion to remove 'Notice of Lis Pendens,' and

overruling appellant's motion for summary judgment, motion to enforce law and request for sanctions was an abuse of discretion."

{¶ 9} II. "Under the facts and circumstances of this case the lower court erred to the prejudice of appellant in denying appellant hearing on the issues raised in his motion for relief from judgment."

{¶ 10} In his first assignment of error, appellant essentially argues that the court erred in dismissing the case (and otherwise ruling against him) because, contrary to the trial court's finding, appellee was not entitled to judicial immunity. The law is well settled that where a judge has jurisdiction over a controversy, he is not civilly liable for actions taken in his judicial capacity. *State ex rel. Fisher v. Burkhardt*, 66 Ohio St.3d 189, 192, 610 N.E.2d 999.[1] This is true even if those actions were in error, in excess of authority, or malicious. *Kelly v. Whiting* (1985), 17 Ohio St.3d 91, 93, 17 O.B.R. 213, 477 N.E.2d 1123. A judge will be subject to liability only if (1) the judge's actions were not judicial in nature, or (2) the judge acted in a "clear absence of jurisdiction." *Reasoner v. Columbus*, 10th Dist. No. 02AP–831, 2003-Ohio-670, 2003 WL 321551, at ¶ 15.

{¶ 11} Here, the parties do not dispute that appellee's actions were judicial in nature. Nor is there any dispute that appellee had jurisdiction over the eviction action at the inception of the underlying case. At issue is whether appellee acted in a "clear absence of jurisdiction" or merely "in excess of jurisdiction" after the removal petition was filed, when appellee continued to preside over the eviction proceedings. An act is in excess of jurisdiction, if "the act, although within the power of the judge, is not authorized by law and is therefore voidable." *Wilson v. Neu* (1984), 12 Ohio St.3d 102, 104, 12 OBR 147, 465 N.E.2d 854.

{¶ 12} Because " 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction * * *,' [*Bradley v. Fisher* (1871), 80 U.S. 335, 13 Wall. 335, 352] the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman* (1978), 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331. But where a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction, he acts in a clear absence of jurisdiction and, as a result, judicial immunity is lost. See *Rankin v. Howard* (C.A.9, 1980), 633 F.2d 844, 849.

---

1. The doctrine of judicial immunity does not preclude injunctive relief against a judicial officer acting in a judicial capacity. *Pulliam v. Allen* (1984), 466 U.S. 522, 541–542, 104 S.Ct. 1970, 80 L.Ed.2d 565. Nor does it preclude a statutory award of attorney fees generated in obtaining that injunctive relief. Id. at 544, 104 S.Ct. 1970, 80 L.Ed.2d 565.

{¶ 13} The procedure for filing a removal petition, set forth at Section 1446, Title 28, U.S.Code, provides:

{¶ 14} "(a) A defendant or defendants desiring to remove a civil action * * * from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal * * * containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

{¶ 15} " * * *

{¶ 16} "(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded."

{¶ 17} At the time appellant's removal petition was filed, there existed in addition to the federal statute longstanding and consistent federal and Ohio case law which provided that as long as a defendant strictly complied with the federal procedural rule, including providing proper notice, the state court was immediately divested of jurisdiction. See, e.g., *Fox v. Stames* (Dec. 8, 1989), 11th Dist. No. 88–L–13–192, 1989 WL 149299; *Ramsey v. A.I.U. Ins. Co.* (June 18, 1985), 10th Dist. No. 84AP–317, 1985 WL 10329; *Shunk v. Shunk Mfg. Co.* (1945), 75 Ohio App. 253, 256, 31 O.O. 15, 61 N.E.2d 896 (interpreting former Section 72, Title 28, U.S.Code); *Anderson v. United Realty Co.* (1908), 79 Ohio St. 23, 43, 86 N.E. 644; *Howes v. Childers* (E.D.Ky.1977), 426 F.Supp. 358; *South Carolina v. Moore* (C.A.4, 1970), 447 F.2d 1067, 1073.

{¶ 18} Here, there was no evidence or allegation that appellant failed to comply with the federal rule. Thus, at the time appellant filed his removal petition, the applicable law expressly deprived appellee of jurisdiction over the eviction action. In light of this conclusion, we are constrained to find that appellee acted in the clear absence of jurisdiction, rather than in excess of his jurisdiction, and, therefore, lost judicial immunity in this case. See *Rankin,* 633 F.2d 844.

{¶ 19} Next, we look to the statutory immunity that is conferred upon officers and employees. Such immunity is provided for at R.C. 9.86, wherein it is provided:

{¶ 20} "Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage

or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." [2]

{¶ 21} Under this statute, appellee would appear to be protected, even if he acted without jurisdiction, so long as he did not act with malicious purpose, in bad faith, or in a wanton or reckless manner. Unfortunately for appellee, appellant has, in fact, alleged that appellee acted with bad faith in the underlying case. Inasmuch as the trial court made no determination with respect to this allegation, we must reverse the trial court's judgment and remand this matter for further proceedings consistent with this decision. Accordingly, appellant's first assignment of error is found well taken.

{¶ 22} As a result of our determination regarding the first assignment of error, appellant's second assignment of error, dealing with the trial court's denial of a hearing in connection with the issues raised in his motion for relief from judgment, is clearly moot.

{¶ 23} The judgment of the Lucas County Court of Common Pleas is hereby reversed. The case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal are awarded to Lucas County.

Judgment reversed.

PIETRYKOWSKI and PARISH, JJ., concur.

---

2. R.C. 9.86 does not supersede the more specific judicial immunity that was discussed above. By its own terms, R.C. 9.86 "does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law."