[Cite as *In re Sucholdoski*, 2011-Ohio-6333.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

IN RE: ESTATE OF ANNA
SUCHODOLSKI, deceased

C.A. No.     10CA009833

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    2009 ES 00520

DECISION AND JOURNAL ENTRY

Dated: December 12, 2011

BELFANCE, Presiding Judge.

{¶1}   Alice Calabrese appeals from the probate court's denial of her claim against the estate of Anna Suchodolski, her mother.  For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}   Over the last twelve years of Ms. Suchodolski's life, Ms. Calabrese cared for her ailing mother.  When her mother lived independently, Ms. Calabrese bought groceries for her, did her laundry, drove her to her appointments, and assisted her in many other ways.  When Ms. Suchodolski eventually moved into a retirement community, Ms. Calabrese visited nearly every day and assisted with her care.  Ms. Calabrese's two sisters, who both lived outside Ohio, did not visit their mother during the final seven years of her life.

{¶3}   When Ms. Suchodolski passed away, her will divided her estate equally amongst her three daughters. However, in addition to Ms. Calabrese's share of the estate, she received

approximately $100,000 in transfer on death assets from her mother. Ms. Calabrese also filed a claim in quantum meruit against her mother's estate, requesting $96,000 in compensation for services rendered over the last twelve years of her mother's life. Kathryn Maillard, one of Ms. Calabrese's sisters, filed exceptions to Ms. Calabrese's claims. The probate court appointed Kurt Sarringhaus to represent the estate as the estate fiduciary, Ms. Calabrese, was involved in the disputed claim.

{¶4} In his report to the probate court, Mr. Sarringhaus asserted that Ms. Calabrese should be "admire[d] * * * for her loyalty and diligence in taking care of a loved one." Nevertheless, he recommended that Ms. Calabrese's claim be denied on the authority of *Hinkle v. Sage* (1902), 67 Ohio St. 256. However, Mr. Sarringhaus also recommended that Ms. Calabrese be compensated for the work she had done preparing real property owned by Ms. Suchodolski for sale.

{¶5} The trial court adopted Mr. Sarringhaus' recommendation and denied Ms. Calabrese's claim against the estate pertaining to the care of her mother. It also ordered that that Ms. Calabrese be paid $25,200, which it had calculated as being a seven percent commission on the value of the real estate.

{¶6} Ms. Calabrese has appealed, raising two assignments of error for consideration.

II.

**ASSIGNMENT OF ERROR I**

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING, IN PART, THE CLAIM FILED AGAINST THE ESTATE BY APPELLANT FOR PERSONAL CARE-GIVING SERVICES RENDERED TO THE DECEDENT BEFORE HER DEATH."

{¶7} Ms. Calabrese argues that the probate court incorrectly applied *Hinkle* when it denied her claim. However, we do not reach the merits of this argument because, even if we

were to conclude that *Hinkle* did not bar Ms. Calabrese's claim against her mother's estate, we would affirm the probate court's judgment.

{¶8} Though often intertwined with unjust enrichment, quantum meruit is a distinct claim or right of action. "*Quantum meruit* is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered." (Emphasis sic.) *Aultman Hosp. Assn v. Community Mut. Ins. Co.* (1989)*,* 46 Ohio St.3d 51, 55. It is an equitable remedy giving "rise to obligations imposed by law, irrespective of the intentions of the parties, in order to prevent an injustice when one party retains a benefit from another's labors." (Internal quotations and citations omitted.) *In re Estate of Kirkland*, 175 Ohio App.3d 73, 2008-Ohio-421, at ¶23. Given that the doctrines of quantum meruit and unjust enrichment are intertwined, we have stated that, the elements of quantum meruit are identical to those of unjust enrichment. *Bldg. Industry Consultants, Inc. v. 3M Parkway, Inc.*, 182 Ohio App.3d 39, 2009-Ohio-1910, at ¶16. "A successful claim of unjust enrichment requires that: (1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." (Internal quotations and citations omitted.) Id.

{¶9} In its journal entry, the probate court noted that:

"There was a suggestion during the hearing that [Ms. Suchodolski] would have wanted [Ms. Calabrese] to receive a larger portion of the Estate due to the personal services that [Ms. Calabrese] had provided. There was, however, testimony that [Ms. Calabrese] had received an additional $100,000.00 in non-probate assets from [Ms. Suchodolski.] * * * If it was [Ms. Suchodolski's] intention to compensate [Ms. Calabrese] more than her siblings, [Ms. Calabrese] in fact received the additional compensation."

The probate court, notwithstanding its determination that *Hinkle* barred Ms. Calabrese's claim, essentially determined that Ms. Calabrese had failed to demonstrate that she was entitled to

quantum meruit relief given that she had received an additional $100,000 in non-probate assets, which in effect compensated her for her services. Notably, the amount Ms. Calabrese received in non-probate assets exceeded the amount she claimed was due for her services rendered.

{¶10} Ms. Calabrese has not challenged this portion of the probate court's judgment on appeal, see App.R. 16(A)(3) and (7), though she argues in her reply brief that "nothing has labeled [the $100,000] as compensation for services rendered[.]" However, Ms. Calabrese has not pointed to any authority requiring such specificity. Moreover, she has not challenged the trial court's factual findings nor has she demonstrated that the trial court committed an error of law in its determination that Ms. Calabrese was not entitled to quantum meruit relief because she had been compensated.

{¶11} Ms. Calabrese's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT DECISION AND THE CALCULATION OF THE AMOUNT DUE APPELLANT ON THE PORTION OF THE CLAIM ALLOWED WAS AN ABUSE OF DISCRETION AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶12} In Ms. Calabrese's second assignment of error, she argues that the probate court abused its discretion when it calculated her commission because it undervalued the value of the property sold. In the probate court's judgment entry, it determined that:

"[E]vidence was admitted that showed that [Ms. Calabrese] had marketed and sold $360,000.00 worth of property that greatly benefited the Estate. * * * Even though [she] is not a real estate agent, the Court believes that the equivalent of a 7% commission on the property sold is appropriate for [her]. Thus, $25,200.00 is approved[.]"

Ms. Calabrese argues, and the Appellees concede, that the value of the property sold was $401,000, not $360,000.

{¶13} It is unclear how the probate court calculated the $360,000, and, thus, it is unclear

whether its award of $25,200 was the result of a mathematical error or the intended amount. Therefore, we are unable to properly conduct a review of the probate court's order.  See, e.g., *State ex rel. Donohoe v. Indus. Comm.*, Slip Opinion No. 2011-Ohio-5798, at ¶19.

{¶14}  Accordingly, Ms. Calabrese's second assignment of error is sustained, and this matter is remanded to the probate court for further clarification of the appropriate commission.

III.

{¶15}  Ms. Calabrese's first assignment of error is overruled and her second assignment of error is sustained.  The judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT


CARR, J.
<u>CONCURS</u>

DICKINSON, J.
<u>CONCURS IN JUDGMENT ONLY</u>


<u>APPEARANCES:</u>

JOHN L. KEYSE-WALKER, Attorney at Law, for Appellant.

THOMAS PILLARI, RICHARD D. PANZA, and RACHELLE K. ZIDAR, Attorneys at Law, for Appellee.