[Cite as *Barilla v. Janik*, 2023-Ohio-39.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| JAMES V. BARILLA | C.A. No.    21CA011749 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HON. FRANK J. JANIK, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No.    20CV201245 |

DECISION AND JOURNAL ENTRY

Dated: January 9, 2023

TEODOSIO, Presiding Judge.

{¶1}    James V. Barilla appeals the judgment of the Lorain County Court of Common Pleas dismissing his complaint.  We affirm.

I.

{¶2}    In 2015, a magistrate from the Lorain County Juvenile Court contacted James V. Barilla regarding his potential appointment as a guardian ad litem ("GAL") in Lorain County Juvenile Court No. 10 JG 30837[1].  Mr. Barilla agreed to the appointment and Judge Frank J. Janik subsequently issued an order authorizing Mr. Barilla to serve as a GAL in the matter with payment for his services to be allocated between the parties pending further order of the court.

---

[1] Although not relevant to the present case, the long and complicated procedural history of the underlying juvenile case included prior appeals to this Court.  *See In re C.W.*, 9th Dist. Lorain No. 16CA011044, 17CA011162, and 17CA011165, 2018-Ohio-5265; *Sherwood v. Eberhardt*, 9th Dist. Lorain Nos. 18CA011350 and 18CA011351, 2019-Ohio-4623; *Sherwood v. Eberhardt*, 9th Dist. Lorain No. 18CA011286, 2019-Ohio-4213; *In re C.W.,* 9th Dist. Lorain No. 19CA011521, 2020-Ohio-2660.

From November 2015 through September 2016, Mr. Barilla served as a GAL for the minor children in the case, investigating the parties, preparing reports, and testifying at hearing. Although the parties disagree with the characterization of events leading to the circumstance, ultimately Mr. Barilla was not paid for his services.

{¶3} In 2020, Mr. Barilla filed a complaint stating a cause of action in quantum meruit against Judge Janik and Jody L. Barilla, the Lorain County Domestic Relations and Juvenile Court Administrator. An amended complaint later added as defendants the Lorain County Commissioners and the Lorain County Auditor (collectively, with Jody L. Barilla, "the Lorain County defendants"), followed by a second amended complaint. Judge Janik and the Lorain County defendants filed a motion to dismiss that was granted by the trial court on March 22, 2021. Mr. Barilla now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

{¶4} Mr. Barilla argues the trial court erred in dismissing his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. We do not agree.

{¶5} In its judgment entry dismissing the complaint, the trial court made several determinations detrimental to Mr. Barilla's cause, concluding that (1) Mr. Barilla failed to plead a basis of recovery against certain defendants; (2) it lacked subject matter jurisdiction; (3) the defendants were immune from liability; and (4) the complaint fails to set form a quantum meruit claim. We begin with the issue of immunity as it is dispositive of this appeal.

**{¶6}** We review a trial court's granting of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) de novo. *State ex rel. Dellagnese v. Bath–Akron–Fairlawn Joint Economic Dev. Dist.*, 9th Dist. Summit No. 23196, 2006-Ohio-6904, ¶ 8. Factual allegations contained in the complaint are presumed true and all reasonable inferences are drawn in favor of the nonmoving party. *Id.*, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." *Raub v. Garwood*, 9th Dist. Summit No. 22210, 2005-Ohio-1279, ¶ 4, citing *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245 (1975). "The defense of immunity may be raised in a motion to dismiss pursuant to Civ.R. 12(B)(6)." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, ¶ 12.

**{¶7}** The trial court determined that Judge Janik was immune from liability under the theory of judicial immunity. In *Wochna v. Kimbler*, this Court explained the doctrine of judicial immunity as follows:

> Judicial immunity protects a judge from a civil action for money damages, as asserted by a party claiming to have been injured by some judicial action occurring within the scope of that judge's jurisdiction. *Hill v. Harris*, 9th Dist. No. 92CA005379, 1993 WL 62189, *5 (Mar. 10, 1993), citing *Kelly v. Whiting*, 17 Ohio St.3d 91, 94, 477 N.E.2d 1123 (1985). This broad immunity protects even acts "done maliciously, or * * * in excess of * * * authority," so long they are judicial acts. *Kelly*, 17 Ohio St.3d 91, at paragraph one of the syllabus. "[T]he factors determining whether an act by a judge is judicial relate to the nature of the act itself (whether it is a function normally performed by a judge), and the expectation of the parties (whether they dealt with the judge in his judicial capacity)." *State ex rel. Fisher v. Burkhardt*, 66 Ohio St.3d 189, 191, 610 N.E.2d 999 (1993), citing *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

*Wochna v. Kimbler*, 163 Ohio App.3d 349, 2005-Ohio-4802, ¶ 6. *See also Mobley v. Supreme Court of Ohio*, 10th Dist. Franklin No. 20AP-292, 2021-Ohio-391, ¶ 10 ("Ohio law is clear that a plaintiff claiming to have been injured by judicial action within the scope of the judge's jurisdiction

has no civil action against the judge for recovery of damages. Nor is a judge liable for actions taken within the judge's discretion. Indeed, a judge is immune for actions taken within the judge's official capacity even if those actions were in error, in excess of authority, or malicious.").

{¶8} The trial court concluded that because Judge Janik's order appointing Mr. Barilla as a GAL was entered in a juvenile court case proceeding, his conduct constituted a judicial action. Although Mr. Barilla contends that his appointment as a GAL was not a judicial act, but rather an administrative act, we do not find any support for his theory. The action of appointing a GAL in a custody matter is a function normally performed by a judge. *See* R.C. 2151.281 and R.C. 3109.04(B)(2)(a). *Compare Bach v. Judkins*, 4th Dist. Highland No. 558, 1985 WL 8286, *4–5 (July 1, 1985) (terminating employee not a judicial act, as employee does not deal with judge in a judicial capacity). It was in his capacity as a judge that Judge Janik appointed Mr. Barilla as a GAL by court order in the underlying juvenile custody case. Accordingly, we conclude that Judge Janik's appointment of Mr. Barilla as a GAL was both a function normally performed by a judge and that the parties dealt with the Judge in his judicial capacity. *See Wochna* at ¶ 6. The doctrine of judicial immunity was thus correctly applied by the trial court.

{¶9} As to the remaining defendants, Mr. Barilla fails to provide any theory whereby the actions of Judge Janik, falling under judicial immunity, would impart liability to those defendants. Furthermore, with regard to the remaining defendants, the trial court concluded that Mr. Barilla had failed to plead a basis for the recovery of a money judgment against them. We agree with that conclusion.

{¶10} Mr. Barilla's claim is based upon quantum meruit. "Quantum meruit is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered." *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*,

46 Ohio St.3d 51, 55 (1989). To prevail on a claim of quantum meruit, a plaintiff is required to show (1) a benefit has been conferred by the plaintiff upon the defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment. *In re Sucholdoski*, 9th Dist. Lorain No. 10CA009833, 2011-Ohio-6333, ¶ 8.

**{¶11}** Mr. Barilla contends that his services as a GAL were performed for the benefit of all defendants. We find no support for this theory. Moreover, Mr. Barilla failed to plead that the remaining defendants had knowledge of any conferred benefit. Likewise, there is no evidence to suggest any such knowledge. Accordingly, the claim for quantum meruit was properly dismissed by the trial court.

**{¶12}** Mr. Barilla's assignment of error is overruled.

III.

**{¶13}** Mr. Barilla's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JAMES V. BARILLA, Attorney at Law, pro se, Appellant.

KIMBERLY V. RILEY, Attorney at Law, for Appellee.

LISA M. ZARING, Attorney at Law, for Appellee.

J.D. TOMLINSON, Prosecuting Attorney, and DANIEL F. PETTICORD, Assistant Prosecuting Attorney, for Appellees.