[Cite as *Jones v. Upton*, 2016-Ohio-427.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FLORA B. JONES | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 26778 |
| | : | |
| v. | : | T.C. NO. 14CV3402 |
| | : | |
| PATRICIA UPTON, et al. | : | (Civil appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___5th___ day of ____February_____, 2016.

. . . . . . . . . . .

FLORA B. JONES, 916 Leland Avenue, Dayton, Ohio 45402
        Plaintiff-Appellant

EDWARD T. MOHLER, Atty. Reg. No. 0041557, 420 Madison Avenue, Suite 550, Toledo, Ohio 43604
        Attorney for Defendants-Appellees

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Flora B. Jones, filed July 29, 2015. Jones appeals from the trial court's July 1, 2015 grant of summary judgment in favor of Patricia Upton and Augustus Rosemont, III.  We hereby affirm the judgment of the trial court.

{¶ 2} By way of background, we note that this litigation was initiated on February 23, 2006, in Case No. 2006 CV 01433, when Michael Jones filed suit against Upton and Rosemont, alleging personal injuries resulting from a motor vehicle accident. According to allegations in the complaint, Upton negligently entrusted a vehicle to Rosemont, who then negligently failed to yield to Jones, resulting in injury. The claim against Upton was voluntarily dismissed without prejudice on April 26, 2006. On December 21, 2007, a Notice of Suggestion of Death was filed that provides that Michael Jones died on or about November 29, 2007. On February 25, Flora Jones, as the administrator of the estate of Michael Jones, was substituted as the Plaintiff. On October 1, 2010, Jones filed "Plaintiff's Motion for Voluntary Dismissal Pursuant to Ohio Civil Rule 41(A)," which the court granted five days later.

{¶ 3} Jones refiled suit against Upton and Rosemont on October 5, 2011, in Case No. 2011 CV 07158, and that matter was dismissed on June 8, 2012 for lack of prosecution, without prejudice. Jones refiled suit against Upton and Rosemont on May 31, 2013, in Case No. 2013 CV 03278. On June 26, 2013, the trial court issued an "Order Sustaining in part, Overruling in part, Defendants' Motion to Dismiss." In this Order, the trial court dismissed Upton from the case with prejudice, and Rosemont's motion to dismiss was overruled. On August 7, 2013, the trial court sustained Rosemont's motion for summary judgment, finding that "no genuine issue of material fact exists as to whether Mr. Jones suffered any injury and/or loss of life as a proximate result of the alleged negligence of Mr. Rosemont causing the MVA on January 17, 2005. As a result of this finding, the Court need not further analyze the remaining elements of Plaintiff's personal injury or wrongful death claim." On April 21, 2014, Jones filed a pro se motion to

reactivate Case No. 2011 CV 07158, which the trial court denied.

{¶ 4} On June 9, 2014, Jones filed a complaint against Upton, Rosemont, and Project Cure, alleging personal injuries and wrongful death, in Case No. 2014 CV 03402. Upton and Rosemont filed an answer and a motion to dismiss on June 17, 2014, arguing that Jones did not appeal the trial court's June 26, 2013 order dismissing Upton from the matter with prejudice or the trial court's August 7, 2013 order sustaining Rosemont's motion for summary judgment. On June 24, 2014, the trial court sustained the motion to dismiss, finding that the "rights and responsibilities of the parties have been adjudicated on the merits in these cases. In none of these actions has Plaintiff sought appellate review." On July 15, 2014, Jones filed a notice of appeal. Project Cure filed a motion to dismiss on July 7, 2014, which the trial court sustained on August 14, 2014, and Jones appealed. This Court consolidated the two appeals.

{¶ 5} On March 20, 2015 this Court rendered a decision that affirmed the dismissal of the claims against Project Cure and that provides in relevant part as follows:

> In determining that the action against Rosemont and Upton was barred by the doctrine of res judicata, the trial court relied upon matters outside the pleadings. Because the trial court considered matters beyond the face of the complaint, the court effectively converted the appellee's motion into a motion for summary judgment. The record does not reflect that notice of the conversion was provided to Ms. Jones. Furthermore, the motion was ruled upon seven days after it was filed, rather than the fourteen days prescribed by the rules.
>
> The doctrine of res judicata does preclude a party from relitigating

issues already decided by a court, or from raising matters that the party should have brought in a prior action. * * * While we conclude that the trial court's ruling was correct, given the apparent history of this case, the trial court failed to provide Ms. Jones with the notice she was entitled to as well as the appropriate time within which to respond. Therefore the trial court erred in dismissing the action against Rosemont and Upton.

This Court remanded the matter for further proceedings. *See Jones v. Upton, et al.,* 2d Dist. Montgomery Nos. 26311 and 26375, 2015-Ohio-1044, ¶s 11, 12, and 19.

{¶ 6} On May 12, 2015, Upton and Rosemont filed a motion for summary judgment, or in the alternative, a motion to dismiss, with request for a hearing. On June 8, 2015, the matter was transferred to a different trial judge, and on July 1, 2015, that court sustained the motion, noting that Jones "has failed to file any response to Defendants' Motion." The court further found as follows:

The current matter arose out of the same transaction or occurrence that was the subject matter involved in Montgomery County Common Pleas Court, Case No. 2013 CV 3278. In Case No. 2013 CV 3278, Judge Singer sustained the Motion of Defendant Upton to Dismiss, and dismissed Upton with prejudice. Subsequently, this Court sustained the Motion of Defendants for Summary Judgment, dismissing Defendant Rosemont, III and again dismissing Defendant Upton. Though Jones could have appealed these two orders, she did not. The two orders dismissing Defendants then are valid, final judgments. By filing the current matter, Jones is attempting to relitigate issues involving Defendants Upton and

Rosemont, III. Thus, the doctrine of *res judicata* bars the current action filed by Jones.

**{¶ 7}** We note that Jones' brief does not comply with App.R. 16(A), and she fails to set forth specific assignments of error. She asserts in part, "This case has four numbers but it is the same case, and I file[d] my first wrongful death law suit on July 9, 2009 * * *." She further asserts, "Everything I have told the Court or the Appeal Court, I backed it up with paperwork. I am asking the appeal court to order [counsel for appellees] to set (sic) down with me and settled (sic) the case so I can get some closer." (sic). We construe her brief as a challenge to the grant of summary judgment against her.

**{¶ 8}** Upton and Rosemont respond that the "issue in this case is not whether the trial court correctly found for the Defendants in either the granting of the Motion to Dismiss or the Motion for Summary Judgment, the issue in this case is the effect of the Appellant[']s failure to appeal * * *."

**{¶ 9}** We agree with Appellees. As this Court has previously noted:

> The doctrine of res judicata encompasses the two related concepts of claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' " *Kelm v. Kelm*, 92 Ohio St.3d 223, 227, 749 N.E.2d 299 (2001), quoting *Grava* at syllabus. Furthermore, "[r]es judicata operates to bar litigation of 'all claims which were or might have been

litigated in a first lawsuit.' " (Emphasis omitted). *Grava*, 73 Ohio St.3d at 382, 653 N.E.2d 226, quoting *Natl. Amusements, Inc. V. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

" 'Proper application of the doctrine of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim.' " *SunTrust Bank v. Wagshul*, 2d Dist. Montgomery No. 25567, 2013-Ohio-3931, ¶ 8, quoting *Brown v. Vaniman*, 2d Dist. Montgomery No. 17503, 1999 WL 957721, *4 (Aug. 20, 1999).

*Rodefer v. McCarthy*, 2d Dist. Darke No. 2015-CA-1, 2015-Ohio-3052, ¶ 24-25.

**{¶ 10}** Jones did not appeal from the June 26, 2013 order dismissing Upton with prejudice or from the August 7, 2013 order sustaining Rosemont's motion for summary judgment, and those orders are valid, final judgments triggering the application of the doctrine of res judicata, as the trial court correctly determined. In other words, Jones is precluded from relitigating, in Case No. 2014 CV 03402, the claims that were adjudicated in Case No. 2013 CV 03278. Accordingly, Jones' challenge to the grant of summary judgment against her is overruled, and the judgment of the trial court sustaining Upton's and Rosemont's motion for summary judgment is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Flora B. Jones
Edward T. Mohler

Hon. Michael W. Krumholtz