[Cite as *Jones v. Mohler*, 2017-Ohio-2683.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FLORA B. JONES | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   27105 |
| | : | |
| v. | : | T.C. NO. 15CV3537 |
| | : | |
| EDWARD T. MOHLER, et al. | : | (Civil Appeal from |
| | : |   Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___5th___ day of _____May_____, 2017.

. . . . . . . . . . .

FLORA B. JONES, 916 Leland Avenue, Dayton, Ohio 45402
        Plaintiff-Appellant

WILLIAM H. FALIN, Atty. Reg. No. 0038839, The Hanna Building, 1422 Euclid Avenue, Suite 630, Cleveland, Ohio 44115
        Attorney for Defendant-Appellee, Edward T. Mohler

ANNE M. JAGIELSKI, Atty. Reg. No. 0093047, 301 W. Third Street, Dayton, Ohio 45422
        Attorney for Defendants-Appellees, Montgomery County Common Pleas Court
        and Judge Michael W. Krumholtz

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Flora B. Jones appeals, pro se, from a judgment of the Montgomery County

Court of Common Pleas, which granted a motion to dismiss, with prejudice, her claims

against Judge Michael W. Krumholtz and the Montgomery County Court of Common Pleas, and granted Attorney Edward T. Mohler's motion for summary judgment on the claims Jones had filed against him.

**{¶ 2}** For the following reasons, the judgment of the trial court will be affirmed.

**{¶ 3}** We note that Jones's brief does not comply with App.R. 16(A), as she fails to set forth specific assignments of error. We construe her arguments to be as described below.

*The History of this Litigation*

**{¶ 4}** The history of this litigation began in February 2006, when Jones's adult son, Michael, filed personal injury and negligent entrustment claims against Augustus Rosemont III and Patricia Upton for injuries he sustained in an automobile accident (Case No. 2006 CV 1433). Rosemont had been driving Upton's car when he (Rosemont) was involved in an accident with Michael. Michael voluntarily dismissed the claim against Upton, without prejudice, in April 2006. Michael Jones died in November 2007, and Flora Jones (Jones) was substituted as plaintiff in the remaining claim against Rosemont. On October 1, 2010, Jones voluntarily dismissed the claim against Rosemont, without prejudice.

**{¶ 5}** On October 5, 2011, Jones and her attorney refiled the claims against Upton and Rosemont (Case No. 2011 CV 7158). The case was dismissed in June 2012, without prejudice, for lack of prosecution.

**{¶ 6}** Jones again refiled the claims, pro se, in May 2013 (Case No. 2013 CV 3278). In June 2013, the trial court dismissed the claim against Upton, with prejudice, apparently for failure to comply with the savings statute, R.C. 2305.19. In August 2013,

the trial court granted Rosemont's motion for summary judgment. Jones did not appeal.

**{¶ 7}** In June 2014, Jones filed a complaint, pro se, against Upton, Rosemont, and Project CURE (the facility from which Rosemont had been departing when the accident occurred), alleging personal injuries and wrongful death (Case No. 2014 CV 3402). Upton and Rosemont filed a motion to dismiss, on the basis that Jones had not appealed the trial court's prior rulings dismissing the claim against Upton with prejudice and granting summary judgment in favor of Rosemont. On June 24, 2014, the trial court granted the motion to dismiss, finding that the rights and responsibilities of the parties previously had been adjudicated on the merits. In July 2014, Project CURE filed a motion to dismiss, which the trial court granted in August 2014. Jones appealed from the trial court's judgments, and we consolidated the appeals.

**{¶ 8}** In *Jones v. Upton*, 2d Dist. Montgomery Nos. 26311 and 26375, 2015-Ohio-1044 ("*Jones I*"), decided in March 2015, we affirmed the dismissal of the claims against Project CURE. Although we also agreed with the trial court's determination that the issues raised in the case were barred by res judicata[1], we observed that the trial court had relied on matters outside the pleadings and had "effectively converted" Upton's and Rosemont's motion to dismiss into a motion for summary judgment, without notice to Jones of the conversion and without giving her time to respond. Thus, we found that the trial court had erred in granting Upton's and Rosemont's motion to dismiss. We reversed

---

[1] Res judicata simply means that a final decision has previously been made; it serves to preclude a party who has had his or her day in court from seeking a second on the same issue. In doing so, this policy promotes the principles of judicial economy by preventing endless relitigation of an issue on which a party has already received a full and fair opportunity to be heard. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

the trial court's judgment and remanded for further proceedings.

{¶ 9} In May 2015, Upton and Rosemont filed a motion for summary judgment in the trial court, to which Jones did not respond. On July 1, 2015, the trial court granted the motion for summary judgment, noting its prior adjudications of the issues presented and Jones's failure to appeal from those judgments; the court relied on the doctrine of res judicata and rejected Jones's attempt to relitigate the issues. Jones appealed pro se. In *Jones v. Upton*, 2d Dist. Montgomery No. 26778, 2016-Ohio-427 ("*Jones II*"), we affirmed the trial court's summary judgment, reiterating our agreement with the trial court's conclusion that res judicata barred Jones's claims.

{¶ 10} Attorney Edward T. Mohler represented Upton and Rosemont in several of the civil actions brought by Jones. Judge Michael Krumholtz of the Montgomery County Court of Common Pleas issued the July 1, 2015 entry, which granted summary judgment to Upton and Rosemont.[2]

{¶ 11} On July 8, 2015, Jones filed a complaint against Mohler, Krumholtz, and the Montgomery County Court of Common Pleas. Krumholtz and the Court of Common Pleas filed a motion to dismiss, and Mohler filed a motion for summary judgment. The trial court granted both motions on April 21, 2016. Jones appeals, pro se, from this judgment.

*Claims against the Judge and Common Pleas Court*

{¶ 12} With respect to Judge Krumholtz and the Montgomery County Court of

---

[2] Judge Gregory Singer was originally assigned to Case No. 2014 CV 3402; he signed the entries granting Project CURE's motion to dismiss and Upton's and Rosemont's motion to dismiss. After the appeal in *Jones I* and before the motion for summary judgment was decided, the case was transferred to Judge Krumholtz, because Jones had filed a complaint against Judge Singer in the Montgomery County Court of Common Pleas for "violation of her civil right, due process of Law, and for malice intent."

Common Pleas, Jones's complaint alleged that the court had allowed her own attorney to "call [her] a pauper" after "he didn't have the money to refile [her] case." She also claimed that she had not consented to the voluntary dismissal of her prior cases, but the court had allowed the dismissals anyway. Because she received multiple letters from the Court of Common Pleas around the same time, she suggested that some of the letters had been "back-dated." Finally, although Mohler had previously represented Upton and Rosemont in several of the cases she filed, Jones complained that the court let Mohler "get back in this case" (be substituted as counsel in Case No. 2014 CV 3402) when another attorney could no longer serve in that capacity. She asserted that the Court of Common Pleas "allowed all of this to be done to me, in the name of Justice."

{¶ 13} Judge Krumholtz and the Common Pleas Court filed a motion to dismiss, asserting that Jones's complaint failed to state a claim on which relief could be granted.

*Claims against Mohler*

{¶ 14} In her complaint filed on July 8, 2015, Jones alleged that Mohler had asked that the transcript of a doctor's deposition in one of the wrongful death cases "be destroyed," and that the court "let him do it." She also alleged that Mohler had "tryed [sic] everything to get this [wrongful death] case dismissed." More specifically, Jones claimed that Rosemont's father was "the Indian Chief of the Shawnee Nation," which was "why this case can't go forward." (In her brief, she elaborated that the Shawnee Nation is "putting up casino[s] across Ohio," such that there is a "political nature" to the case.)

{¶ 15} Mohler answered and filed a counterclaim in which he sought to have Jones declared a vexatious litigator. He also filed a motion for summary judgment on Jones's claim against him, in which he relied on his own affidavit and docket summaries

of the wrongful death cases.

*Trial Court Decision*

{¶ 16} Because the complaint named Judge Krumholtz and the Montgomery County Court of Common Pleas as defendants, it was heard by a visiting judge sitting by assignment.

{¶ 17} The judge's and Common Pleas Court's motion to dismiss was brought under Civ.R. 12(B)(6). "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted will only be granted where the party opposing the motion is unable to prove any set of facts that would entitle him [or her] to relief. *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 3, 531 N.E.2d 318, 321. Indeed, before a court may dismiss an action under this rule, ' * * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, * * * 327 N.E.2d 753, syllabus. To make this determination, the court is required to interpret all material allegations in the complaint as true and admitted. *Phung v. Waste Management, Inc.* (1986), 23 Ohio St.3d 100, 102, * * * 491 N.E.2d 1114, * * *." *Riverside v. State*, 2d Dist. Montgomery No. 26024, 2014-Ohio-1974, ¶ 18.

{¶ 18} In granting the motion to dismiss, the trial court found that the complaint did not allege any facts giving rise to a cause of action against the court or Judge Krumholtz. The court also noted that a court "is not an entity subject to being sued" and that all of the actions taken by Krumholtz were in his judicial capacity, for which he could not be held liable. *See State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 296 N.E.2d 544 (1973) ("Absent express statutory authority, a court

can neither sue nor be sued in its own right."); *State ex rel. Fisher v. Burkhardt*, 66 Ohio St.3d 189, 191, 610 N.E.2d 999 (1993), citing *Kelly v. Whiting,* 17 Ohio St.3d 91, 477 N.E.2d 1123 (1985) and others ("It is a well-settled rule in Ohio that where a judge possesses jurisdiction over a controversy, he is not civilly liable for actions taken in his judicial capacity.")

{¶ 19} The trial court properly granted the motion to dismiss Jones's claims against Judge Krumholtz and the Court of Common Pleas. Jones did not allege any facts which would support such claims under existing law.

{¶ 20} Mohler sought summary judgment on Jones's claims against him. Summary judgment is appropriate where 1) no genuine issue exists as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) even viewing the facts in the light most favorable to the nonmoving party, reasonable minds could come to but one conclusion. *See* Civ.R. 56(C); *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶ 21} With regard to Jones's claims against Mohler, the trial court found that an attorney cannot be held liable to an adverse party for acts performed in the good faith representation of his clients. Further, it noted that, insofar as Mohler did not represent Jones and she had no attorney-client relationship with him, Jones could not assert a claim for legal malpractice. Although Jones appeared to be upset with her former attorney, a previous judge in the case, and a bailiff for permitting some of her cases to be dismissed, the court observed that she had alleged neither that Mohler had any duty toward her nor that he had breached such a duty. Thus, the trial court granted Mohler's motion for summary judgment.

**{¶ 22}** The trial court denied Mohler's motion for summary judgment on his counterclaim seeking to have Jones declared a vexatious litigator, but the court certified that there was no just cause for delay in appealing the claims that had been decided.

**{¶ 23}** We agree with the trial court's conclusion that there were no genuine issues of material fact as to whether Mohler had owed any duty to Jones, that reasonable minds could not conclude that Mohler was liable to Jones for any of his actions, and that Mohler was entitled to judgment on this claim as a matter of law.

**{¶ 24}** Jones's challenges to the trial court's decision are overruled, and the court's judgment will be affirmed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Flora B. Jones
William H. Falin
Anne M. Jagielski
Hon. Dale Anthony Crawford
(by assignment)